791 F.2d 130
 Keith C. MUNK and Mary H. Munk, Plaintiffs-Appellants,
v.
FEDERAL LAND BANK OF WICHITA and its agents, William A.
Dowell, Mike McKenna, Farmers Home Administration, and its
agent, Jerald Bandel, Donald Madison, County Supervisor, and
J.W. Smith, District Director of Farmers Home
Administration, Defendants-Appellees.
 No. 84-1855.
 United States Court of Appeals,
Tenth Circuit.
 May 14, 1986.
 
 Keith C. Munk and Mary H. Munk, pro se.
 Before SEYMOUR and MOORE, Circuit Judges, and KANE, District Judge.*
 PER CURIAM.
 
 
 1
 In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.
 
 
 2
 This is an appeal by plaintiffs of the dismissal of their complaint without prejudice for lack of a substantial federal question. Plaintiffs' complaints arise from loan transactions between plaintiffs and the Federal Land Bank of Wichita (the Bank) and between plaintiffs and the Farmers Home Administration (FHA).
 
 
 3
 According to the complaint, on April 15, 1980, plaintiffs executed a promissory note to the Bank for the principal amount of $118,000. As collateral for this loan, plaintiffs also executed a mortgage on their farm on the same date. Plaintiffs now assert that neither the note nor the mortgage contain a disclosure statement as allegedly required under the Truth in Lending Act, 15 U.S.C. Sec. 1601, et seq. Plaintiffs allege that on February 10, 1984, plaintiffs rescinded the loan agreement pursuant to 15 U.S.C. Sec. 1635 and that the Bank and its employees therefore cannot enforce the agreement.
 
 
 4
 This court agrees with the district court that the Truth in Lending Act does not apply to this transaction. At the time of the execution of the note, the Act exempted "[c]redit transactions primarily for agricultural purposes in which the total amount to be financed exceeds $25,000." 15 U.S.C. Sec. 1603(5) (Supp.IV 1974) (current version at 15 U.S.C. Sec. 1603(1) (1982)). The district court properly characterized plaintiffs' complaint as arising out of an agricultural loan transaction in which the amount financed exceeded $25,000. Since the Truth in Lending Act does not apply to this transaction, plaintiffs' allegation that the Bank illegally added a fee for compliance with the Act in violation of 12 U.S.C. Sec. 2610 is also without merit.
 
 
 5
 Plaintiffs make the conclusional assertion that some defendants "harrassed plaintiff Mary Munk" in violation of the Fair Debt Collection Practice Act, 15 U.S.C. Sec. 1692(d), et seq. This Act does not apply to this debt or to these creditors. This debt was not incurred for "personal, family, or household purposes." See 15 U.S.C. Sec. 1692a(5). Further, the defendants are not attempting to collect another's debt. See id. Sec. 1692a(6)(A).
 
 
 6
 Finally, plaintiffs allege that the Bank required plaintiffs "to purchase stock in defendant's association ... in violation ... of the Securities [and Exchange Act]," 15 U.S.C. Sec. 78a, et seq. The Securities and Exchange Act does not apply to this transaction. See Zabriskie v. Lewis, 507 F.2d 546 (10th Cir.1974).
 
 
 7
 Plaintiffs also assert various federal claims for unfair competition under 15 U.S.C. Sec. 57a(f), violation of the Federal Reserve Act, the alleged failure of the Bank to institute a program to help young farmers under 12 U.S.C. Sec. 2207(a), and a vague allegation that the Bank has hidden assets in a bankruptcy proceeding. These claims are without merit. Accordingly, all federal causes of action were properly dismissed as to the Bank and its employees. The district court therefore properly dismissed the complaint against the Bank and its employees for lack of jurisdiction.
 
 
 8
 Plaintiffs have also brought suit against the Farmers Home Administration (FHA) and three FHA employees. Most of plaintiffs' claims against these defendants are identical to their claims against the Bank and its employees, including the same allegations of unfair debt collection practices, failure to assist young farmers and ranchers, and violations of the Federal Reserve Act and the statutory prohibition against hiding assets during bankruptcy proceedings. This court finds these claims to be without merit for the same reasons outlined above.
 
 
 9
 Plaintiffs also allege the FHA and its employees violated the Truth in Lending Act. Their claims against these defendants, however, involve an assumption agreement executed on September 1, 1977, and a promissory note executed on May 3, 1978. Plaintiffs are out of time to seek rescission or damages. See 15 U.S.C. Secs. 1635(f) and 1640(e).
 
 
 10
 Finally, plaintiffs assert several common law tort claims against the FHA and its employees. Plaintiffs have sued the FHA employees in their capacity as federal officials. Thus these claims are in actuality common law claims against the FHA, which in turn are actually claims against the United States. See Martinez v. Winner, 771 F.2d 424 (10th Cir.), modified, in part, reh'g denied, in part, 778 F.2d 553 (10th Cir.1985); Northridge Bank v. Community Eye Care Center, Inc., 655 F.2d 832 (7th Cir.1981). Even if plaintiffs could bring these claims against the United States, plaintiffs have not followed the proper procedures under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671, et seq. Further, even if we construe plaintiffs' complaint as a common law tort claim against these defendants as individuals, no federal question arises. Thus the district court properly dismissed the claims against the FHA and its employees for lack of federal jurisdiction.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation