**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and D'Amato & Lynch, Plaintiffs,**

v.

**Stephen HARTEL, Defendant.**

**No. 88 Civ. 8711 (LLS).**

United States District Court, S.D. New York.

Aug. 6, 1990.

Richard Russell, D'Amato & Lynch, New York City, for plaintiffs.

Stephen Hartel, Jr., Hartel & Kenny, PLC, New Orleans, La., for defendant.

## MEMORANDUM AND ORDER

STANTON, District Judge.

Defendant Stephen Hartel invested $100,000 in a tax-shelter limited partnership which was formed to purchase and operate hotels and motels. He paid for his partnership interest with a cash payment of $6,670 and promissory notes for $93,330. Hartel signed the promissory notes in Louisiana, where he resides. The partnership negotiated the promissory notes to a bank, to secure a loan of working capital to the partnership. Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") issued a bond which guaranteed, to the partnership and to the

bank, that Hartel would make all of the capital contributions represented by his promissory notes to the partnership. In return for guaranteeing Hartel's notes, National Union required him to execute an indemnity agreement in which he agreed to reimburse National Union for any payments it made on the notes to the bank on his behalf.

Hartel stopped making his required contributions, and National Union made them on his behalf. National Union commenced an action (the "reimbursement action"), No. 88 Civ. 4768 (S.D.N.Y.) (LLS), seeking reimbursement under the indemnity agreement Hartel gave National Union when it guaranteed his payments, and as subrogee on the notes on which he had defaulted. Since an issue arose whether the filing of the reimbursement action violated the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692m, National Union and D'Amato & Lynch, the law firm representing National Union in the reimbursement action (and many others), commenced this action, seeking a declaratory judgment that they had not violated the FDCPA.

Both sides have moved for summary judgment.

### The Issue

Section 1692i(a)(2) of the FDCPA provides that any debt collector who brings any legal action on a debt against any consumer shall

bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

The question presented is whether that section applies, to require the filing of the reimbursement action in Louisiana, rather than New York.

### Discussion

Defendant's motion is denied, and plaintiffs' motions are granted.

■ The promissory notes signed by Hartel are not a "debt" within the meaning of section 1692a(5) of the FDCPA, which defines a debt as

any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

See *Staub v. Harris*, 626 F.2d 275, 278 (3rd Cir.1980) ("There is nothing in the language or the history of the FDCPA to lead us to believe that Congress intended to extend the scope of the Act to encompass debtors of any kind other than consumer debtors"); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168–69 (3rd Cir. 1987) ("We find that the type of transaction which may give rise to a 'debt' as defined in the FDCPA, is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act, i.e., one involving the offer or extension of credit to a consumer. Specifically it is a transaction in which a consumer is offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to defer payment"); *Munk v. Federal Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir.1986) (loan taken for agricultural purposes is not a debt as defined by section 1692a(5)); *see also Bank of Boston International of Miami v. Arguello Tefel*, 644 F.Supp. 1423, 1430 (E.D. N.Y.1986) (doubtful that loan taken to purchase interest in a textile company is a debt as defined by section 1692a(5)); *National Union Fire Insurance Co. v. Pidala*, No. 85 Civ. 4487, slip op. at 6 n. 2 (S.D.N.Y. May 28, 1986) (then-District, now Circuit, Judge John M. Walker refers to argument that similar investor was a consumer as specious: "He was not buying a washing machine on credit; he was investing $55,000 in a tax-shelter partnership").

■ Nor is D'Amato & Lynch a "debt collector" within the meaning of section 1692a(6) of the FDCPA, which defines a debt collector as

any person who uses any instrumentality of interstate commerce or the mails in

any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another[,]

since it has engaged in activities only of a purely legal nature in seeking reimbursement for National Union. *See* H.R.Rep. No. 99–405, 99th Cong., 1st Sess., 1–7, *reprinted in* 1986 U.S.Code Cong. & Admin. News 1752, 1753–57 (reflects purpose, in amending FDCPA to delete provision exempting "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client", of bringing under the FDCPA's coverage attorneys engaging in activities traditionally carried on by debt collectors); Hearing on H.R. 237 Before the Subcomm. on Consumer Affairs and Coinage of the House Comm. on Banking, Finance and Urban Affairs, 99th Cong., 1st Sess., 2–3 (1985) (Rep. Annunzio, sponsor of Amendment, states "The removal of the attorney exemption will not interfere with the practice of law by the nation's attorneys. It will not prevent them from representing the interests of their clients"); 132 Cong.Rec. H 10031 (1986) (after enactment of Amendment, Rep. Annunzio states "Only collection activities, not legal activities, are covered by the Act ... The act applies to attorneys when they are collecting debts, not when they are performing tasks of a legal nature ... The act only regulates the conduct of debt collectors, it does not prevent creditors, through their attorneys, from pursuing any legal remedies available to them"); 53 Fed.Reg. 50,-097, 50,100 (1988) (Staff of Federal Trade Commission, the agency charged with administrative enforcement of the Act, states that attorneys who engage in traditional debt collection activities are debt collectors under the FDCPA, but attorneys whose practices are limited to legal activities are not); *compare Crossley v. Lieberman*, 868 F.2d 566, 569–70 (3rd Cir.1989) (attorney who, while representing creditor loan company, sends debtor threatening letter seeking payment of debt to him, and who also regularly represents several other loan companies in collection activities, held to be

debt collector under the FDCPA), *aff'g.* 90 B.R. 682 (E.D.Pa.1988).

Accordingly, the lawsuit for reimbursement is not required by the FDCPA to be brought in Louisiana, where the defendant resides and signed the promissory notes.

### Conclusion

Plaintiffs' motions for summary judgment are granted. Defendant's motion for summary judgment is denied. Plaintiffs are to submit a judgment, on consent as to form if possible, within thirty days from the date of entry of this order.