■ CONCORD ASSETS FINANCE CORPORATION et al., Appel-

lants-Respondents, v DAVID E. RADEBAUGH, Respondent-Appellant. CONCORD ASSETS FINANCE CORPORATION et al., Appellants-Respondents, v DAVID E. RADEBAUGH, Respondent-Appellant. CONCORD ASSETS FINANCE CORPORATION et al., Appellants-Respondents, v DAVID E. RADEBAUGH, Respondent-Appellant.—Orders and judgments, Supreme Court, New York County (Burton Sherman, J.), entered respectively on August 20, 1990 and September 20, 1990, which, *inter alia,* granted defendant's cross-motion to dismiss plaintiffs' respective motions for summary judgment in lieu of complaint for lack of subject matter jurisdiction under the venue provisions of the Federal Fair Debt Collection Practices Act (15 USC § 1692i [a]; FDCPA), and which denied defendant's cross-motion for attorneys' fees and damages as against plaintiffs' counsel, Morgan, Lewis and Bockius, pursuant to 15 USC § 1692k, unanimously modified, on the law so as to deny defendant's cross-motion to dismiss for lack of subject matter jurisdiction, to deny plaintiffs' respective motions for summary judgment in lieu of complaint, to grant defendant's cross-motion for an order of consolidation, and to direct the plaintiffs to serve a single formal complaint, and otherwise affirmed, with costs.

In the underlying actions, plaintiff Concord Assets Finance Corp. ("Concord") a Delaware corporation with its principal office in Florida, and three limited partnerships, moved, respectively, in New York, in three separate actions, for summary judgment in lieu of complaint based upon a series of promissory notes executed by the defendant, a wealthy physician and sophisticated investor in tax free shelters, in connection with the defendant's purchase of a one half unit interest in each of the three limited partnerships.

Upon examination of the record, we find that the IAS Court erred in determining that the plaintiffs' counsel, Morgan, Lewis and Bockius, was a "debt collector" within the meaning of 15 USC § 1692a (6), since the venue restrictions delineated in that section are applicable only to attorneys acting as traditional third-party debt collectors, and do not prevent creditors, through their attorneys, from pursuing any legal remedies available to recover the outstanding debt. *(National Union Fire Ins. Co. v Hartel,* 741 F Supp 1139, 1140.)

Similarly, we find that the IAS Court erred in holding that a tax shelter investment in a limited partnership constituted a consumer debt within the meaning of 15 USC § 1692a (5), since the defendant's obligations under the promissory notes arose out of his investment in commercial real estate business, rather than transactions primarily for personal, family or

household purposes. *(National Union Fire Ins. Co. v Hartel, supra,* at 1139.)

Defendant's contention that New York should refuse jurisdiction over the underlying actions on *forum non conveniens* grounds is misplaced, as the promissory notes in question all contained a New York forum selection clause and a New York choice of law clause wherein the defendant consented to New York jurisdiction, and agreed that the notes would be governed by and construed in accordance with the law of the State of New York.

Based upon the foregoing, we find that the IAS Court properly denied the defendant's request for attorneys' fees and damages as against the plaintiffs' counsel pursuant to 15 USC § 1692k (a) (3), which empowers the court to award fees only if the moving party has successfully brought an action to enforce the Act, since the defendant, in merely filing a cross-motion to dismiss the underlying actions for lack of subject matter jurisdiction, did not establish a statutory right to such an award. *(Pipiles v Credit Bur.,* 886 F2d 22, 27.)

Finally, we find, that triable issues of fact as to whether the defendant unconditionally waived any fraud, failure of consideration or Ohio Blue Sky law defenses, preclude summary judgment in plaintiffs' favor and therefore require an order of consolidation, directing the plaintiffs to serve a single formal complaint. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.