Chester L. CHOWANIEC,
Plaintiff–Appellant,

v.

ARLINGTON PARK RACE TRACK, LIMITED, a partnership, Joseph F. Joyce, Jr., individually and as general partner of Arlington Park Race Track, Limited and APRT Corporation, et al., Defendants–Appellees.

No. 90–1800.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1990.
Decided June 7, 1991.

Melanie Grabavoy, Chicago, Ill., for plaintiff-appellant.

Grace A. Newton, Asst. Atty. Gen., Stephen E. Ford, Mark S. Vilimek, Jo M. Bonell, Patti M. Deuel, Kiesler & Berman, Karen Michels Caille, Asst. Atty. Gen., Civ.

Before BAUER, Chief Judge, WOOD, Jr., and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

A prevailing plaintiff-attorney in a section 1983 action challenges the district court's determination of the amount of his compensable attorney's fees. For the following reasons, we affirm the judgment of the district court.

## I

## BACKGROUND

### A. *Facts*

Chester Chowaniec and seven other plaintiffs sued various officials of the State of Illinois and Arlington Park Race Track, Ltd., and its agents under 42 U.S.C. § 1983. They alleged violations of their constitutional rights based on unlawful arrest and detention. Mr. Chowaniec, an attorney at the time of trial, proceeded *pro se* and also testified on his own behalf. The other plaintiffs were represented by counsel.

A jury returned verdicts in favor of all the plaintiffs and against all the defendants. The Arlington Park defendants alone appealed. In an unpublished opinion, this court affirmed the liability verdict and remanded the case for a new trial on the issue of damages unless the plaintiffs accepted a remittitur. Upon remand, the plaintiffs and the Arlington Park defendants settled, and the district court dismissed the claims against those defendants.

Thereafter, the plaintiffs filed petitions for attorney's fees pursuant to 42 U.S.C. § 1988. In justifying his fee petition, Mr. Chowaniec submitted that the law was well settled that a prevailing *pro se* attorney is entitled to attorney's fees under section 1988. The defendants maintained that prevailing *pro se* attorneys may not recover attorney's fees.

## B. *The District Court's Fee Determination*

The district court held that the plaintiffs were prevailing parties and entitled to attorney's fees under section 1988. The parties had agreed to the number of hours expended on the trial, and the court determined, after reviewing affidavits of various attorneys concerning the prevailing market rate, that the plaintiffs' attorneys were entitled to $175 per hour for trial time and $140 per hour for nontrial time. Based on these rates and the agreed-upon number of hours expended by each attorney, the court calculated each attorney's lodestar amount. *See* Mem.Op. at 5, 7.

In addressing Mr. Chowaniec's petition, the district court held that "it is possible for a lawyer appearing *pro se* to recover attorney's fees." *Id.* at 8. However, the court reduced his compensable rate and hours. Mr. Chowaniec had requested a rate of $175 to $250 per hour for 159.5 hours worked. The court decided that he was not entitled to compensation for trial time, but did award $80 per hour for 30 hours of non-trial work. The court stated that the reduction was justified because Mr. Chowaniec lacked basic trial skills and benefitted greatly from the performance of the other plaintiffs' attorneys, whose interests were identical to his own. Indeed, in the court's view, Mr. Chowaniec's verdict in no way resulted from his own efforts at trial. The court entered judgment in the amount of $2400, and it is from this fee amount that Mr. Chowaniec now appeals. *See id.* at 9–10. The defendants have filed no cross-appeal challenging the correctness of the district court's determination that a lawyer who represents himself *pro se* and prevails in a section 1983 suit is entitled to recover attorney's fees under section 1988.

## C. *The Supreme Court's Decision in* Kay v. Ehrler

During the pendency of this appeal, the Supreme Court decided *Kay v. Ehrler,* —— U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). In *Ehrler,* a unanimous Court resolved a conflict among the circuits by holding that a *pro se* litigant who is an attorney may not recover attorney's fees under 42 U.S.C. § 1988 in a successful civil rights action. *Id.* 111 S.Ct. at 1438. The Court reasoned that "Congress contemplated an attorney-client relationship as the predicate for an award under § 1988" and that the statutory purpose of "furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every . . . case." *Id.* at 1437.

## II

## ANALYSIS

The Supreme Court's intervening decision in *Kay v. Ehrler* and the inexplicable decision of the appellees not to cross-appeal on the issue of whether Mr. Chowaniec, as a lawyer *pro se* litigant, is entitled to any attorney's fees leaves this appeal in a most unusual procedural posture. Consequently, at the outset, we must identify with some precision the permissible scope of this appeal.

## A.

 We first examine whether the entire fee award to Mr. Chowaniec may be reversed in light of the Supreme Court's decision in *Kay v. Ehrler.* We hold that, given the defendants' failure to file a cross-appeal, this issue is beyond the permissible scope of our review. The previous decisions of this court firmly establish that a party who wishes to seek an alteration of the judgment of the district court is obliged to file a notice of appeal. Only an appellant or a cross-appellant may receive relief. *See Rollins v. Metropolitan Life Ins. Co.,* 912 F.2d 911, 917 (7th Cir.1990); *Young Radiator Co. v. Celotex Corp.,* 881 F.2d 1408, 1415–17 (7th Cir.1989).[1] Consequent-

---

1. *See also Byron v. Clay,* 867 F.2d 1049, 1050–51 (7th Cir.1989); *Winstead v. Indiana Ins. Co.,* 855 F.2d 430, 434–35 (7th Cir.1988); *cf. Bullard v. Sercon Corp.,* 846 F.2d 463, 467–68 (7th Cir. 1988) (acknowledging that a court may notice jurisdictional defects even absent a notice of appeal). We note that, even under the "rule of practice" approach, rejected by this circuit in *Young Radiator,* 881 F.2d at 1415, we could not permit a waiver of Federal Rule of Appellate

ly, we shall not disturb the fee award already entered by the district court. In this regard, our decision is in accord with that of our colleagues in the Third Circuit in *David v. Scranton*, 633 F.2d 676 (3d Cir. 1980). There, the appellant, a prevailing plaintiff in a civil rights action, obtained an attorney's fee award in the district court but claimed entitlement to an additional award on appeal. Without filing a cross-appeal, the appellees argued that the entire award should be reversed on the ground that publicly funded legal service organizations could not receive attorney's fee awards. Writing for the court, Judge Gibbons noted that such an argument was foreclosed by the failure to file a cross-appeal. *Id.* at 677 n. 1; *see also Disabled In Action v. Mayor & City Council of Baltimore*, 685 F.2d 881, 885 n. 3 (4th Cir.1982).

### B.

■ We next consider the contention properly before us—Mr. Chowaniec's submission that the district court's award ought to be modified to permit an additional award. We must recognize that, as a general proposition, a federal court applies the law in effect at the time it renders its decision. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *Smith v. Firestone Tire & Rubber Co.*, 875 F.2d 1325, 1326 (7th Cir.1989).[2] Thus, generally speaking, judicial decisions apply retroactively to

cases pending when the decision is rendered. The Supreme Court's decision in *Kay v. Ehrler* would prohibit the district court from awarding Mr. Chowaniec attorney's fees under section 1988. Consequently, unless this decision cannot be applied retroactively, it precludes any further award.

The Supreme Court held that nonretroactive application of a holding may be appropriate in certain limited circumstances. Under the traditional standards set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), three considerations counsel against retroactive application of a decision: (1) the decision at issue establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) retroactive application of the decision would retard the operation of a federal statute as determined by its prior history, purpose, and effect; and (3) retroactive application would "produce substantial inequitable results."

■ We first consider whether the Court's decision in *Ehrler* established a new principle of law. It did not overrule clear precedent in this circuit. Prior to *Ehrler*, we had not determined whether a prevailing *pro se* attorney is entitled to

Procedure 4(a)(3) in this case. Even while arguing in one of their briefs (that of the Arlington Park defendants) that *pro se* plaintiffs who are lawyers are not entitled to fee awards, the defendants only request that we not allow an additional award. Indeed, the state defendants specifically request that we affirm the judgment of the district court.

**2.** *See also Bradley v. Richmond School Bd.*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *National Labor Relations Bd. v. Bufco Corp.*, 899 F.2d 608, 611 (7th Cir.1990). The *Bradley* Court commented:

The origin and the justification for this rule are found in the words of Mr. Chief Justice Marshall in *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801):

"It is in the general true that the province of an appellate court is only to enquire whether

a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional ... I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns ... the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." *Id.*, 5 U.S. (1 Cranch) at 110.

416 U.S. at 711–12, 94 S.Ct. at 2016 (footnote omitted); *accord Bionic Auto Parts & Sales, Inc. v. Fahner*, 721 F.2d 1072, 1077 (7th Cir.1983).

recover attorney's fees under section 1988. Therefore, no precedent existed in this circuit upon which the parties could have relied. Moreover, at the time the Supreme Court handed down *Ehrler*, other circuits [3] and the district courts [4] in this circuit were split over the issue. In fact, until the Court handed down *Ehrler*, it had not ratified the consensus among the circuits on the analogous proposition that non-lawyer *pro se* litigants were not entitled to attorney's fees under section 1988. *See Ehrler*, 111 S.Ct. at 1436–37.

With respect to the second *Chevron* factor, the Supreme Court's decision in *Ehrler* is directly relevant. In *Ehrler*, the Supreme Court indicated that "the overriding statutory concern" of section 1988 "is the interest in obtaining independent counsel for victims of civil rights violations." 111 S.Ct. at 1437. The Court noted that even skilled *pro se* attorneys are at a disadvantage. Ethical considerations may prohibit them from testifying. Moreover, the *pro se* attorney is deprived of a third party's independent judgment, which is necessary to formulate most effectively legal theories and arguments, present evidence, cross-examine, and to maintain a rational tactical response to unforeseen developments in the courtroom. *Id.* at 1438. In short, the underlying policies of section 1988 do not require a nonretroactive application of *Ehrler*.

Finally, it is not inequitable to require Mr. Chowaniec to forego additional compensation. The issue of whether a *pro se* litigant who is also an attorney could claim attorney's fees under section 1988 has long been open. There hardly could have been any detrimental reliance on Mr. Chowan-

iec's part. There certainly was no detrimental reliance with respect to the increase sought on appeal; it clearly was established that the district court had authority to adjust the amount of the fee on the basis of the attorney's performance.

In short, while *Ehrler* may have resolved an ambiguous question of law, the ruling furthers the purpose and effect of section 1988 and does not disrupt any settled expectation that Mr. Chowaniec reasonably could have held. *See Rodriguez v. Shearson/American Express*, 490 U.S. 477, 485–86, 109 S.Ct. 1917, 1922–23, 104 L.Ed.2d 526 (1989). Its retroactive application will not have "a harsh and disruptive effect on those who relied on prior law." *American Trucking Ass'ns, Inc. v. Smith*, —— U.S. ——, 110 S.Ct. 2323, 2338, 110 L.Ed.2d 148 (1990) (plurality).[5]

## Conclusion

The Supreme Court's decision in *Kay v. Ehrler* must govern the adjudication of this appeal. Mr. Chowaniec is entitled to no further fee award. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

**3.** *Compare Duncan v. Poythress*, 777 F.2d 1508 (11th Cir.1985) (en banc) (*pro se* attorney entitled to fees), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986) *with Kay v. Ehrler*, 900 F.2d 967 (6th Cir.1990) (*pro se* attorney not entitled to fees), *aff'd*, —— U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).

**4.** *Compare Rybicki v. State Bd. of Elections*, 584 F.Supp. 849 (N.D.Ill.1984) (*pro se* attorney entitled to fees) *and Shakman v. Democratic Org.*, 634 F.Supp. 895 (N.D.Ill.1986) (same) *with Le-*

*vine v. Heffernan*, 691 F.Supp. 173 (W.D.Wis. 1988) (*pro se* attorney not entitled to fees).

**5.** We realize that the various opinions filed in *American Trucking Associations*, place in question whether *Chevron* retains validity as a general approach to retroactivity. *See Welch v. Cadre Capitol*, 923 F.2d 989, 993 n. 6 (2d Cir. 1991). We are convinced, however, that none of the approaches outlined there would justify nonretroactive application of *Ehrler*.