Gerald STRANGE, Plaintiff,

v.

Norman P. WEXLER, Defendant.

No. 91 C 0955.

United States District Court,
N.D. Illinois, E.D.

June 23, 1992.

Raymond D. Pijon, and Gerald Strange, Chicago, Ill., for plaintiff.

Michael J. Gibbons and Kathleen A. Johnson, Kralovec, Marquard, Doyle & Gibbons, Chtd., Chicago, Ill., for defendant.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

WEISBERG, United States Magistrate Judge.

This is a suit for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the Act). The court has jurisdiction under 15 U.S.C. § 1692k(d). The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). Both parties have moved for summary judgment. We briefly recapitulate the background of this suit. Strange, who is himself an attorney, alleges that Wexler violated the Act in filing suit against him in the Circuit Court of Cook County, Illinois, on behalf of Wexler's client, DeVisse & Co., on a claim for a broker's commission of $680. The alleged debt arose out of an alleged brokerage agreement to locate a tenant to lease the apartment Strange was vacating before the expiration of his lease term. Strange denies liability, but that is immaterial to his claim here. Strange alleges in his complaint in this court that Wexler wrote him a letter dated August 2, 1989 demanding payment. Enclosed was a notice stating that if payment was not received at once, Wexler was required to report Strange to certain credit bureaus. Strange did not pay, and Wexler's firm sent a second letter warning Strange that he was about to be sued for a worthless check or checks and threatening liability for statutory damages and attorney's fees. Strange had written no checks to Wexler's client. Strange Supp.Aff. ¶¶ 8, 10.

Wexler then filed a verified complaint on behalf of Devisse on February 27, 1990 in the Circuit Court of Cook County, praying for judgment in the amount of the $680 debt plus $300 in costs and attorney's fees. Cmplt., Exh. E. Wexler does not dispute that attorney's fees could not properly be awarded.[1] On November 19, 1990, although he knew or should have known that

Strange had not been served with process, Wexler moved for a default judgment.[2] On January 17, 1991 Wexler voluntarily dismissed the suit and was required to pay the witness fee of a witness Strange had subpoenaed. Cmplt., Ans. ¶ 11.

We ruled on September 16, 1991 that the Act's one-year limitations period, 15 U.S.C. § 1692k(d), bars recovery based on conduct occurring more than one year before the date of suit, so relief cannot be predicated upon the two dunning letters Wexler sent Strange. The surviving allegations of the complaint relate to Wexler's dismissed suit in state court.

█ 15 U.S.C. § 1692e prohibits using "any false, deceptive or misleading representation or means in connection with the collection of any debt." One example given is misrepresentation of the compensation to which a debt collector is lawfully entitled. 15 U.S.C. § 1692e(2)(B). *West v. Costen*, 558 F.Supp. 564, 583–84 (W.D.Va. 1983), held that it was a violation of § 1692e(2)(B) to falsely represent that the debt collector was lawfully entitled to receive a service charge which was not authorized by the agreement creating the debt or by state law. Wexler admittedly demanded a $300 attorney's fee to which he was not entitled. It does not matter that Strange could protect himself; the standard is whether the conduct would be unfair or deceptive as applied to an unsophisticated consumer. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172–75 (11th Cir. 1985). There can be no reasonable doubt that Wexler's conduct violated the statute.

█ Wexler contends that Strange's dealing with DeVisse was a business transaction and the underlying debt was not "primarily for personal, family, or household purposes" as required by 15 U.S.C. § 1692a(5). The only authorities he cites deal with other types of debt. *National Union Fire Insurance Co. v. Hartel*, 741

---

1. Illinois law awards attorney's fees in suits to collect on a dishonored check, Ill.Rev.Stat. ch. 26 ¶ 3–806, but not in the case of a simple debt.

2. Although Wexler admits only that he moved for a default judgment, he does not deny that he knew or should have known Strange had not been served, Cmplt., Ans. ¶ 9, and averments in a complaint not denied in the answer are deemed admitted. Fed.R.Civ.P. 8(d).

F.Supp. 1139 (S.D.N.Y.1990) (promissory note for the purchase price of a limited partnership investment not a consumer debt under § 1692a(5)); *Munk v. Federal Land Bank of Wichita*, 791 F.2d 130 (10th Cir.1986) (same as to agricultural loan); *Bank of Boston International of Miami v. Tefel*, 644 F.Supp. 1423, 1430 (E.D.N.Y. 1986) (same as to bank loan used to purchase corporate controlling interest). We think that engaging a broker to find a replacement tenant for one's apartment is a "household purpose." Real estate brokers are highly regulated, in large part because the law recognizes that they deal with unsophisticated consumers. The debt here falls within the statute.

■ It is undisputed that Wexler is a debt collector as defined in 15 U.S.C. § 1692a(6). Complt., Ans. ¶ 4. In 1986 Congress decided to delete the provision of the Act, formerly 15 U.S.C. § 1692a(6)(F), that exempted attorneys from its coverage. The legislative history makes it clear that Congress deleted the exemption because it recognized that communications from attorneys could be as intimidating as those from non-attorney debt collectors and that attorneys had used their exemption from the Act to compete unfairly with non-attorney collection agencies. Congress intended them to be bound by the same rules when they engage in the same activities, and rejected the argument that state bar associations adequately policed attorneys' behavior. See H.R. No. 99–405 to P.L. 99–361, 99th Cong.2d Sess., reported at 1986 U.S.Code Cong. & Ad.News at 1752–61 and *Crossley v. Lieberman*, 868 F.2d 566, 569–70 (3d Cir.1989).

The statute is unambiguous. If an attorney qualifies as a "debt collector" under the Act, he violates it if he uses any "false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e. In the context of consumer debt collection, where the amounts in dispute tend to be small (discouraging defendants from hiring their own lawyers) and the debtors unsophisticated, it is not an unfair burden to require attorneys to limit their demands to what their clients may lawfully be entitled to receive.

Wexler cites *Mendez v. Apple Bank for Savings*, 143 Misc.2d 915, 541 N.Y.S.2d 920, 923 (N.Y.City Civ.Ct.1989), which he says exonerated the defendant because it "merely utilized legitimate judicial processes to collect the outstanding debt." The defendant bank had sued Mendez for a debt owed by another person of the same name, and the court gave four reasons for awarding summary judgment to the defendant: a creditor collecting its own debt is not a debt collector as defined in the Act; the bank used legitimate judicial process to collect the debt and no misconduct prohibited by the Act was shown; a preponderance of the evidence showed a good-faith mistake, an excuse under the Act; and the plaintiff had not shown that the loan was for personal or household purposes.

*Mendez* does not support Wexler's position. Wexler is a debt collector as defined in the Act. And he filed a verified complaint stating that he was entitled to attorney's fees when he was not, a clear violation of 15 U.S.C. § 1692e(2)(B). This was not the use of *legitimate* judicial means to collect a debt. He has not attempted to show good faith and, as concluded above, the debt here was for household purposes.

■ We conclude that there is no genuine dispute of material fact and Strange is entitled to summary judgment as a matter of law. Although Strange's complaint claimed actual damages of $3,000, his affidavits are silent as to damages. The Act permits statutory damages in the court's discretion of up to $1,000. 15 U.S.C. § 1692k(a)(2)(A). Statutory damages may be awarded in the absence of actual damages. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir.1982). The court is to take into account "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

■ This is, so far as the evidence shows, an isolated violation. Nevertheless, it is a violation that probably resulted from

a mass-production approach to collection litigation. Wexler apparently has a form letter and a form complaint that recites that the debtor is liable for attorney's fees when suit is brought on a dishonored check.[3] Wexler never bothered to notice that Strange hadn't written a check to De-Visse and ran Strange's alleged debt through the same mill.

Aside from the possibility of suit under the Act, Wexler may have believed it was not in his interest to examine his cases carefully to determine whether he was entitled to attorney's fees from the debtor. A defendant debtor appearing in court without an attorney would be unlikely to know he was not liable for fees and the judge might not catch Wexler's overreaching; if the defendant defaulted, the judgment would probably include the fees.

One purpose of statutory damages is to create an incentive to obey the law. It appears Wexler needs an incentive either to pay more attention to the complaints he files, or, taking another view, to dissuade him from taking advantage of debtors who do not know their rights.

We believe an award of $250.00 in statutory damages is warranted. Strange has also asked for attorney's fees. Although Strange initially appeared *pro se*, he has engaged an attorney to argue this motion. While an award of attorney's fees is authorized by the Act, we believe we are not authorized to award fees to a *pro se* plaintiff who happens to be an attorney. The reasoning of cases denying attorney's fees to a *pro se* plaintiff under 42 U.S.C. § 1988—that Congress intended to enable plaintiffs to employ counsel, rather than add an additional element of compensation—is also applicable here. See *Kay v. Ehrler*, — U.S. —, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); *Chowaniec v. Arlington Park Race Track, Ltd.*, 934 F.2d 128 (7th Cir.1991); see also *Demarest v. Manspeaker*, 948 F.2d 655 (10th Cir.1991) cert. denied, — U.S. —, 112 S.Ct. 1298, 117 L.Ed.2d 520 (1992) (denying fees to *pro se*

plaintiff under the Equal Access to Justice Act). Accordingly, Strange is entitled only to reasonable fees with respect to time spent by his attorney. Strange is to submit a statement of reasonable attorney's fees within 30 days. Wexler shall have 10 days to respond and Strange 10 days to reply.

Plaintiff's summary judgment motion is granted, defendant's summary judgment motion is denied. Judgment will enter in favor of Strange awarding statutory damages in the amount of $250.

---

**3.** Although the letters fall outside the limitations period and are not considered for the purpose of finding a violation of the Act, Wexler admits sending them and they are properly considered in determining the statutory damages to be imposed.