In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-3373

NATIONAL CASUALTY COMPANY and NATIONWIDE MUTUAL
INSURANCE COMPANY,

*Plaintiffs-Appellants*,

*v.*

CONTINENTAL INSURANCE COMPANY,

*Defendant-Appellee*.

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:23-cv-03143 — **Lindsay C. Jenkins**, *Judge*.

---

ARGUED NOVEMBER 5, 2024 — DECIDED NOVEMBER 22, 2024

---

Before SCUDDER, ST. EVE, and JACKSON-AKIWUMI, *Circuit
Judges*.

SCUDDER, *Circuit Judge*. National Casualty Company and
Nationwide Mutual Insurance Company agreed many years
ago to reinsure Continental Insurance Company against cer-
tain risks. Those reinsurance agreements each contain an ar-
bitration clause. A billing dispute arose in recent years, lead-
ing Continental to demand arbitration. National Casualty and

Nationwide responded by filing a lawsuit in federal court. The lawsuit alleged that prior arbitral awards resolved the billing dispute and precluded the new arbitration proceeding. National Casualty and Nationwide now appeal the district court's order granting Continental's motion to compel arbitration under the Federal Arbitration Act. Because our precedent required that outcome, we affirm.

**I**

Continental, National Casualty, and Nationwide are parties to three reinsurance agreements that were in effect between 1969 and 1975. The agreements contain identical provisions requiring arbitration for "any dispute [that] shall arise between [the parties] with reference to the interpretation of [the agreement] or their rights with respect to any transaction involved." The agreements further provide that arbitral awards are "final and binding on both parties."

In 2017 a dispute arose between the parties over whether Continental's billing methodology complied with a "Loss Occurrence" provision in the reinsurance agreements. To resolve the dispute, Continental initiated separate arbitration proceedings against National Casualty and Nationwide. Both arbitration panels adopted National Casualty and Nationwide's interpretation of the reinsurance agreements and issued final awards. Two federal district courts later entered orders confirming those awards.

Another billing dispute between the parties arose in 2023. And again the parties disagreed over whether Continental's billing methodology was consistent with the "Loss Occurrence" provision. This time, however, National Casualty and Nationwide maintained that the prior arbitration proceedings

(and, specifically, the 2017 arbitral awards) resolved the dispute. Continental disagreed and demanded that the new dispute go to arbitration.

Rather than submit to arbitration, National Casualty and Nationwide initiated this action in federal court. They asserted that the prior arbitral awards precluded a new arbitration proceeding and sought declaratory and injunctive relief on that basis. Invoking the reinsurance agreements' arbitration clauses, Continental moved to compel arbitration and dismiss the action, contending that the claim preclusion question itself must go to arbitration. The district court granted that motion.

National Casualty and Nationwide now appeal.

**II**

We begin with a motion that Continental filed in our court. Continental urges us to vacate the district court's dismissal order and entry of judgment with instructions to stay the action pending arbitration. We decline the invitation. The motion is not properly before us and, in any case, lacks merit.

Recall that Continental prevailed in the district court, winning a full dismissal in favor of arbitration of National Casualty and Nationwide's claims. It is not often that we see a party win a dismissal in the district court and then move to vacate that dismissal. In any event, a motion to dismiss an appeal is not the appropriate vehicle for Continental's requested relief. "[A] party who wishes to seek an alteration of the judgment of the district court is obliged to file a notice of appeal." *Chowaniec v. Arlington Park Race Track, Ltd.*, 934 F.2d 128, 130 (7th Cir. 1991). "Only an appellant or cross-appellant may receive relief." *Id.* Continental did not file a notice of appeal or

cross-appeal, so it cannot now seek to alter the district court's judgment.

Regardless, Continental's motion fails. The motion relies on *Smith v. Spizzirri*, a recent Supreme Court decision holding that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." 601 U.S. 472, 478 (2024). By its terms, *Spizzirri* requires a district court to stay a case pending arbitration only when one of the parties has requested such a stay. But, as Continental concedes, neither party did so here. *Spizzirri* therefore does not require our vacating the district court's dismissal order, nor does it have any bearing on our jurisdiction over an appeal of that order.

With our appellate jurisdiction secure, we can proceed to the merits.

**III**

This is not our first encounter with issues of preclusion in the arbitration context. Our case law establishes that the preclusive effect of an arbitral award is an issue for the arbitrator to decide, not a federal court. In no uncertain terms, we have held that "[a]rbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition, including the preclusive effect (if any) of an earlier award." *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869, 874 (7th Cir. 2011); accord, *e.g.*, *Consolidation Coal Co. v. United Mine Workers of Am.*, 213 F.3d 404, 407 (7th Cir. 2000) ("[T]he question of the preclusive force of the first arbitration is, like any other defense, itself an issue for a subsequent arbitrator to decide."); *Indep. Lift Truck Builders Union v. NACCO*

*Materials Handling Grp., Inc.*, 202 F.3d 965, 968 (7th Cir. 2000) ("[I]t … is well-established that 'the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider.'" (quoting *Bhd. of Maint. of Way Emps. v. Burlington N. R.R. Co.*, 24 F.3d 937, 940 (7th Cir. 1994))).

These cases align with Supreme Court precedent. Indeed, the Court has repeatedly instructed that, under the FAA, arbitrators presumptively decide procedural issues that "grow out" of an arbitrable dispute and "bear on its final disposition." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). Preclusion is one such procedural issue that can grow out of an arbitrable dispute. See *Trustmark Ins. Co.*, 631 F.3d at 874 ("Arbitrators who have been appointed to resolve a commercial dispute are entitled to resolve ancillary questions that affect their task." (citing *Howsam*, 537 U.S. at 84)).

To their credit, National Casualty and Nationwide acknowledge that our precedent addresses and resolves the preclusion issue. They can ask our full court to revisit our position or seek Supreme Court review. But, as a panel, our only course is to affirm the district court's conclusion that the preclusive effect of the prior arbitral awards is itself an arbitrable issue.

The Supreme Court's decision in *Morgan v. Sundance, Inc.* does not, as National Casualty and Nationwide suggest, call our precedent into question. See 596 U.S. 411 (2022). *Morgan* simply explains that "the FAA's 'policy favoring arbitration' … make[s] 'arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* at 418 (first quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983);

and then quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). The Court did not address the relevant presumption here—that procedural questions growing out of arbitrable disputes are themselves arbitrable. See *id.* That presumption is itself "grounded in background principle[s]" of contract law. *Stolt-Nielsen v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) (citing Restatement (Second) of Contracts § 204 (Am. L. Inst. 1979)). In short, *Morgan* reinforces the importance of contract principles in FAA cases and supplies no reason to revisit precedent with a solid basis in contract law.

Section 13 of the FAA likewise gives us no reason to doubt our precedent. That provision, by its terms, clarifies that a district court's order confirming an arbitral award "shall have the same force and effect, in all respects as, and be subject to all the provisions of law relating to, a judgment in an action." 9 U.S.C. § 13. As other circuits have explained, § 13 "says nothing about which forum or *who* determines the effect of the judgment." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133 (9th Cir. 2000) (emphasis in original); see *Emps. Ins. Co. v. OneBeacon Am. Ins. Co.*, 744 F.3d 25, 29 (1st Cir. 2014) (explaining that § 13 "simply means that the federal court will protect its judgments within their proper bounds"). To our knowledge, no court has ever interpreted § 13 to require federal courts to determine the preclusive effect of arbitral awards.

For these reasons, we AFFIRM.