# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH KWANGJO LEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-03719 (APM) |
| | ) | |
| JOONGANGILBO USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.

Plaintiffs Joseph Kwangjo Lee, Sehwa Jeon, Jina Park, and Christine Lee bring wage and hour claims, both individually and as putative class and collective action representatives, against Defendant Joongangilbo USA, Inc. under federal and District of Columbia law. *See generally* Compl., ECF No. 1. Defendant now seeks to compel arbitration of Plaintiffs' claims. *See* Def.'s Notice of Mot. & Mot. to Compel Arbitration, ECF No. 5 [hereinafter Def.'s Mot.]. Defendant asserts that each Plaintiff agreed in their respective employment agreements both to arbitrate claims arising from their employment and to waive the right to participate in any class, collective, or representative action. *Id.* at 5.

Plaintiffs' response is curious. Although ostensibly opposing arbitration on behalf of all Plaintiffs, they only make arguments as to Plaintiff Joseph Lee. *See generally* Pls.' Opp'n to Def.'s Mot., ECF No. 7 [hereinafter Pls.' Opp'n]. Their brief is silent as to the others. Accordingly, the court treats Defendant's motion as conceded as to all Plaintiffs other than Mr. Lee. *See Inst. for Pol'y Stud. v. CIA*, 246 F.R.D. 380, 386 n.5 (D.D.C. 2007) ("[W]here a party files an opposition to

a motion and addresses only certain arguments raised by the movant, this court routinely treats the unaddressed arguments as conceded."); *Day v. D.C. Dep't of Consumer & Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").[1]  It addresses below only the arguments made as to him.

## II.

The terms of Mr. Lee's employment required him to arbitrate the claims brought here. *See* Decl. of Jay Hur, Ex. A, ECF No. 6 [hereinafter J. Lee Agreement], at 5–7 (CM/ECF pagination).  In a document titled "Arbitration Agreement," Mr. Lee agreed to "resolve all claims, disputes and controversies arising out of, relating to or in any way associated with the Employee's employment by the Company" by arbitration, including "claims related to compensation." *Id.* ¶ 1. He also agreed to waive the right to have any dispute resolved as part of a class, collective, or representative action.  *Id.* ¶ 6.

Mr. Lee does not dispute the authenticity of the Arbitration Agreement or that his claims fall within its scope. *See generally* Pls.' Opp'n.  Still, he insists he is not required to arbitrate for three reasons.  Mr. Lee argues: (1) he is not bound by the Arbitration Agreement because he did not sign it, *id.* at 1–4; (2) Defendant cannot compel arbitration because it is not a signatory to the Agreement, *id.* at 4–6; and (3) Defendant waived the right to arbitrate by filing a separate

---

[1] Even if the other Plaintiffs' silence cannot be treated as a concession, the court still would rule in Defendant's favor. A motion to compel arbitration is reviewed under the summary judgment standard. *See Aliron Int'l, Inc. v. Cherokee Nation Indus.*, 531 F.3d 863, 865 (D.C. Cir. 2008).  Under that standard, the court may treat as conceded any fact that is not opposed.  Fed. R. Civ. P. 56(e)(2).  Here, not only has Defendant asserted that each Plaintiff agreed to arbitrate, but it also has submitted each of their employment agreements for consideration. *See generally* Decl. of Jay Hur, ECF No. 6.  Plaintiffs Jeon, Park, and Lee all agreed to arbitrate claims arising out of or related to their employment and to waive the right to proceed on a class, collective, or representative basis. *Id.*, Ex. B at 11–13 (CM/ECF pagination) (Jeon); Ex. C ¶¶ 1, 6 (Park); Ex. D ¶¶ 1, 6 (Lee).  Accordingly, there is no genuine dispute of fact that these Plaintiffs agreed to arbitrate.

employment-related suit against him in California state court after he brought this wage and hour action, *id.* at 6–11. The court finds none of these arguments persuasive.

As to his first contention—the absence of his signature—under District of Columbia law,[2] "[w]hen the parties to a contract set forth the terms of their agreement in writing and manifest in some manner a clear intent to be bound, the absence of one party's signature on the written agreement will not defeat or invalidate the contract" if assent can otherwise be established by the parties' conduct. *Davis v. Winfield*, 664 A.2d 836, 838 (D.C. 1995). Because the "ultimate issue when it comes to mutual assent is whether the parties objectively manifested their intent to be bound contractually, the intentions of parties to a contract can be found from written materials, oral expressions and the actions of the parties." *Apprio, Inc. v. Zaccari*, 104 F.4th 897, 907 (D.C. Cir. 2024) (cleaned up). Here, Mr. Lee's assent is evident on the face of the Arbitration Agreement. Although he did not sign it, he initialed the bottom of each page and wrote his full name and the date within the signature block. *See* J. Lee Agreement. Mr. Lee does not dispute that he made these notations. *See generally* Pls.' Opp'n. The mere absence of a formal signature does not permit him to avoid arbitration. *See, e.g.*, *Olle v. 5401 W. Ave. Residential, LLC*, 569 F. Supp. 2d 141, 146 (D.D.C. 2008) ("[B]ecause they initialed all 22 pages of the contract, they cannot credibly claim that they were deprived of the opportunity to read and understand the Agreement before they signed it.").

Plaintiff's second contention—that Defendant is not a party to the Arbitration Agreement—fares no better. The counterparty to the Agreement is "Joong-Ang Daily News California, Inc." J. Lee Agreement at 7. As Defendant explains, after Mr. Lee began his employment, "Joong-Ang Daily News California, Inc. merged into Joongangilbo USA, Inc., with Joongangilbo USA, Inc. as

---

[2] The court assumes application of D.C. law, as the parties have not argued that any other state law applies.

the surviving corporation." Suppl. Decl. of Jay Hur, ECF No. 8-1, ¶ 4. "As a result of the merger, Joongangilbo USA, Inc. succeeded by operation of law to all rights, obligations, and contractual interests of Joong-Ang Daily News California, Inc., including employment-related agreements entered into prior to the merger." *Id.* ¶ 5. These representations are confirmed by a Certificate of Ownership filed with the California Secretary of State in November 2019. *Id.* at 5 (CM/ECF pagination). That Certificate indicates that Joongangilbo USA was the 100 percent owner of Joong-Ang Daily News California, and that in October 2019 Joongangilbo USA's Board of Directors voted to merge with its wholly owned subsidiary "and assume all their obligations pursuant to California Corporation Code section 1110." *Id.* The cited code provision authorizes a California corporation that wholly owns another corporation to effect a merger with its subsidiary by a resolution or plan of merger approved by the board of the parent corporation and the filing of a certificate of ownership. Cal. Corp. Code § 1110(a). Upon such merger, "the surviving corporation assumes all the liabilities of each disappearing corporation." *Id.*

California courts consistently have held that the surviving entity of a merger that assumes the rights and obligations of the acquired corporation retains the authority to enforce the acquired corporation's arbitration agreements. *See Jenks v. DLA Piper Rudnick Gray Cary US LLP*, 196 Cal. Rptr. 3d 237, 245–47 (Cal. Ct. App. 2015); *Marenco v. DirectTV LLC*, 183 Cal. Rptr. 3d 587, 593–96 (Cal. Ct. App. 2015); *see also Hart v. Charter Commc'ns, Inc.*, 814 F. App'x 211, 214 (9th Cir. 2020). So here, when Defendant merged with its wholly owned subsidiary Joong-Ang Daily News California, it retained the right to enforce Joong-Ang's arbitration agreements, including the one with Mr. Lee.

Finally, Mr. Lee's assertion of waiver is without merit. That contention is based on Defendant filing a separate employment-related suit against him in California state court soon after

he filed this action. Pls.' Opp'n at 6–11. Mr. Lee argues that it is appropriate to find waiver when, as here, "a litigant . . . takes inconsistent positions on arbitration for tactical advantage." *Id.* at 10. But that argument overlooks that courts have not found waiver when the separate litigation involves distinct claims from those sought to be arbitrated. "[O]nly prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." *Dr.'s Assocs., Inc. v. Distajo*, 107 F.3d 126, 133 (2d Cir. 1997); *see also In re Cox Enters., Inc. Set-top Cable Television Box Antitr. Litig.*, 835 F.3d 1195, 1207 (10th Cir. 2016) (agreeing with other circuit courts holding "that waiver cannot be based on prior litigation unless the litigation was between the same parties and involved essentially the same claim as the one to be arbitrated"); *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 328 (5th Cir. 1999) ("We hold today that a party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate."); *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 330–332 (7th Cir. 1995) (holding that there was no waiver when the separate suit "involved different issues"); *cf. Int'l Guards Union of Am. Loc. 150 v. Centerra Grp., LLC*, No. 25-cv-583 (JEB), 2026 WL 369712, at *6 (D.D.C. Feb. 10, 2026) (finding waiver based on separate suit where the "claims [were] not distinct").

Applying that rule to this case, Defendant's California suit against Mr. Lee does not constitute a waiver of its right to arbitrate because that action pertains to different facts and claims. That suit alleges that, for a six-year period, Mr. Lee routinely submitted false or fraudulent expense reimbursement requests. Pls.' Opp'n, Ex. 2, ECF No. 7-2, at 3–4. The claims include fraud, conversion, and breach of loyalty, and Defendant seeks as relief repayment of the wrongfully secured reimbursements. *See id.* at 4–9. Because the California action involves distinct legal and

factual issues, its filing did not constitute a waiver of Defendant's right to arbitrate Mr. Lee's wage and hour claims.

## III.

For the foregoing reasons, Defendant's Motion to Compel Arbitration, ECF No. 5, is granted as to all Plaintiffs. As no Plaintiff has asked to stay this matter pending arbitration, the court will dismiss it. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (holding that dismissal is improper under section 3 of the Federal Arbitration Act if a party requests a stay); *Mod. Perfection, LLC v. Bank of Am., N.A.*, 126 F.4th 235, 244 (4th Cir. 2025) (holding that *Spizzirri* does not foreclose dismissal when no party has requested a stay); *accord Nat'l Cas. Co. v. Cont'l Ins.*, 121 F.4th 1151, 1153 (7th Cir. 2024); *Gavette v. United Wholesale Mortg., LLC*, No. 24-1557, 2025 WL 318224, at *3 (6th Cir. Jan. 28, 2025).

A final, appealable order accompanies this Memorandum Opinion.

Dated: April 13, 2026

Amit P. Mehta
United States District Judge