IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 10, 2021 Session

## MARK DELONG ET AL. v. BRIAN PAUL GENERAL PARTNER, LLC

**Appeal from the Circuit Court for Williamson County**
**No. 20-CV-182B    Michael Binkley, Judge**

_____

### No. M2021-00075-COA-R3-CV

_____

Appellant debtor appeals the judgment of the trial court on the sole basis that the choice of law provision in the parties' contract means that another state is the exclusive forum for this action. We affirm the decision of the trial court and award Appellee creditors damages for responding to a frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Brian T. Boyd, Bennett J. Willis and Matthew Elliot Miller, Brentwood, Tennessee, for the appellant, Brian Paul General Partner, LLC.

Dana C. McLendon, Franklin, Tennessee, for the appellees, Mark DeLong, and Melissa DeLong.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL HISTORY

On March 25, 2020, Plaintiffs/Appellees Mark Delong and Melissa Delong (together, "Plaintiffs") filed a complaint against Defendant/Appellant Brian Paul General Partner, LLC ("Defendant"). The complaint alleged that Defendant was a Tennessee organization that executed a Note in favor of Plaintiffs representing a contract to borrow $250,000.00 from Plaintiffs. The Note contained the following choice of law provision:

> 20. GOVERNING LAW.
> This Note and any claim, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Note and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the State of New York.

The complaint further alleged that the Note became due and payable on February 1, 2020, but Defendant failed to pay its obligation under the Note. Plaintiffs sought a judgment for the amounts due under the Note, interest, costs, and attorney's fees. On May 6, 2020, Plaintiffs filed an amended complaint; the only substantive change was to note that Defendant was a foreign corporation registered to do business in Tennessee.

As is relevant to this appeal, Defendant eventually filed a motion to dismiss on July 9, 2020, arguing that the case should be dismissed due to the choice of law provision. Plaintiffs responded that a choice of law provision was not a forum selection clause. The trial court eventually denied the motion to dismiss, holding that it would not "graft a forum selection clause onto the parties' contract." The trial court also ordered Defendant to file an answer to the amended complaint.

Defendant filed its answer on August 10, 2020, which admitted most of the allegations in the amended complaint, including the allegations that the Note became due and payable on February 1, 2020, but no payment had been made; the only denial contained in Defendant's answer was that the demand to pay by Plaintiffs was proper. As an affirmative defense, Defendant again asserted that the case should be dismissed because Williamson County, Tennessee was an improper forum. On the same day, Defendant filed a motion to compel mediation, which it later amended to correct a typographical error.

On August 20, 2020, Plaintiffs filed a motion for entry of judgment on its complaint. Therein, Plaintiffs noted that Defendant "conceded every element of the claim" in its answer, and requested a judgment of $290,848.02, representing the principal on the Note and accrued interest.

Defendant responded to Plaintiffs' motion on August 28, 2020. Therein, Defendant argued that it was unclear whether Plaintiffs were seeking summary judgment or judgment on the pleadings. Defendant further asserted that the question of whether proper demand

on the Note was made was not conceded and a condition precedent to Plaintiffs' success. Finally, Defendant again requested that the parties be compelled to mediate.

The pending motions were heard on September 3, 2020. On September 21, 2020, the trial court entered a lengthy order granting Plaintiffs' motion, which the trial court treated as a motion for judgment on the pleadings. The trial court concluded that Defendant admitted to executing a $250,000.00 promissory note payable to Plaintiffs, but did not pay that Note, despite notice of the default and demand for payment. The trial court further concluded that Defendant's objection to the propriety of the demand was without merit. The trial court also again rejected Defendant's argument that the case could not be filed in Tennessee, noting that the Note did not contain a forum selection clause. The trial court therefore ordered Plaintiffs to file "proper pleadings to quantify the judgment" and denied Defendant's motion to compel mediation as moot. Plaintiffs thereafter filed a motion for entry of judgment on October 13, 2020. Defendant responded in opposition, again arguing that the trial court was without jurisdiction.

The trial court entered a purported final judgment on January 4, 2021, awarding Plaintiffs $290,848.92 in principal and interest. Defendant filed a notice of appeal to this Court on January 22, 2021. After this Court discovered that the trial court had not ruled on Plaintiffs' request for attorney's fees, the trial court entered a subsequent order on May 7, 2021, denying the request for attorney's fees based upon the agreement of the parties.

## II. ISSUES PRESENTED

Defendant raises a single issue: "Whether the trial court erred in failing to apply New York law to the case as required by the parties' contract. As such, this issue should be reviewed de novo." In the posture of appellees, Plaintiffs raise a separate issue concerning their entitlement to attorney's fees in defending against a frivolous appeal.

## III. STANDARD OF REVIEW

Although this case was ultimately decided on the basis of a motion for judgment on the pleadings, Defendant does not raise any issue as the propriety of the trial court's decision to grant that motion. Instead, this appeal actually concerns the trial court's decision to deny Defendant's motion to dismiss based on its argument that this case must have been filed in New York. Under the standard of review applicable to motions to dismiss, review is "limited to an examination of the complaint alone." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 537 (Tenn. Ct. App. 2012) (citing *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990)). "The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law." *PNC*, 387 S.W.3d at 537. In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff,

taking all the allegations of fact therein as true. *See **Cook ex. rel. Uithoven v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994). However, we are not required to accept as true conclusions of law. ***Riggs v. Burson***, 941 S.W.2d 44, 47–48 (Tenn. 1997). An appellate court should uphold the grant of a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief. ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). We review the trial court's decision on a motion to dismiss de novo without a presumption of correctness. ***Phillips v. Montgomery Cnty.***, 442 S.W.3d 233, 237 (Tenn. 2014).

In this case, Defendant raises a question concerning the interpretation and application of the parties' contract. Questions concerning the interpretation of unambiguous contracts are likewise questions of law that we review de novo. *See **Allstate Ins. Co. v. Watson***, 195 S.W.3d 609, 611 (Tenn. 2006) ("The interpretation of written agreements, like the lease at issue, is a matter of law that this Court reviews de novo on the record according no presumption of correctness to the trial court's conclusions of law.").

## IV. DISCUSSION

### A.

As an initial matter, we note that Defendant explicitly concedes that the parties' contract does not contain a forum selection clause. Instead, Defendant asserts that the parties' express choice to apply New York law means that this case must have been filed in New York. As a result, Defendant contends that the trial court should have dismissed this case at its outset.

In support of this argument, Defendant cites two New York sources. First, Defendant cites the New York General Obligations Law permitting choice of law provisions:

> 1. The parties to any contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate not less than two hundred fifty thousand dollars, including a transaction otherwise covered by subsection (a) of section 1-301 of the uniform commercial code, may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract, agreement or undertaking bears a reasonable relation to this state. This section shall not apply to any contract, agreement or undertaking (a) for labor or personal services, (b) relating to any transaction for personal, family or household services, or (c) to the extent provided to the contrary in subsection (c) of section 1-301 of the uniform commercial code.
> 2. Nothing contained in this section shall be construed to limit or deny the enforcement of any provision respecting choice of law in any other contract,

- 4 -

agreement or undertaking.

N.Y. Gen. Oblig. Law § 5-1401. Of course, this statute does nothing more than "provide[] for the enforcement of choice of law provisions in contracts over $250,000[.]" ***Setter Cap., Inc. v. Chateauvert***, 69 Misc. 3d 377, 380, 130 N.Y.S.3d 905, 907 (N.Y. Sup. Ct. 2020) (citing N.Y. Gen. Oblig. Law § 5-1401); *see also **IRB-Brasil Resseguros, S.A. v. Inepar Invs., S.A.***, 20 N.Y.3d 310, 315, 982 N.E.2d 609, 612 (N.Y. 2012) ("The plain language of General Obligations Law § 5–1401 dictates that New York substantive law applies when parties include an ordinary New York choice-of-law provision, such as appears in the Guarantee, in their contracts."). There is no dispute that the choice of law provision at issue here is enforceable. But the cited law certainly does not provide that a choice of law provision designating New York law as applicable to a contract mandates that a suit regarding the contract must be heard only in New York, in the absence of a forum selection clause.

Defendant also asserts that his position is supported by ***2138747 Ontario, Inc. v. Samsung C & T Corp.***, 31 N.Y.3d 372, 103 N.E.3d 774 (N.Y. 2018), which he contends holds that "when New York law is designated in a Choice of Law Provision, New York Shall also be the proper place of venue." Respectfully, we disagree.

As an initial matter, it is important to note that ***2138747 Ontario*** was heard in a New York state court based on a forum selection clause. ***Id.*** at 375. The fact that a New York court applied New York procedural law is therefore not altogether surprising. *See **Curbow Fam. LLC v. Morgan Stanley Inv. Advisors***, 36 Misc. 3d 889, 894, 950 N.Y.S.2d 845, 849 (Sup. Ct. 2012) (quoting ***Marine Midland Bank, N.A. v. United Missouri Bank, N.A.***, 223 A.D.2d 119, 122, 643 N.Y.S.2d 528 (1st Dept. 1996)) ("Generally, 'matters of procedure are governed by the law of the forum.'"); *see also **IRB-Brasil Resseguros***, 31 N.Y.3d 372 at 612 (stating that General Obligations Law § 5–1401 provides that New York *substantive* law applies when the parties include a New York choice of law provision in their contract). Moreover, in ***2138747 Ontario***, the parties agreed that they intended to apply both New York procedural and substantive law to their contract. ***Id.*** at 377 ("The parties agree with the Appellate Division's determination that the contract 'should be interpreted as reflecting the parties' intent to apply both the substantive and procedural law of New York State to their disputes[.]'"). No such agreement is present in this case. As a result, we would generally apply our own procedural law to this case. *See **Boswell v. RFD-TV the Theater, LLC***, 498 S.W.3d 550, 556 (Tenn. Ct. App. 2016) ("Despite the parties' choice of law, however, Tennessee law governs matters of procedure under our conflict of law principles.  Matters of procedure are governed by the law of the forum. In other words, we apply our own procedural rules even if the law of another state governs the substantive issues.") (internal citations omitted).

Moreover, Defendant has cited absolutely no authority that a choice of law provision of the type at issue in this case somehow mandates that the case be filed in the forum whose

law will be applied. Indeed, both Tennessee and New York courts appear to have come to the opposite conclusion in this situation. For example, in ***Barden Sols., Inc. v. Bassetti***, 18 Misc. 3d 1144(A), 859 N.Y.S.2d 892 (N.Y. Sup. Ct. 2005), *aff'd,* 38 A.D.3d 1199, 834 N.Y.S.2d 906 (N.Y. 2007), the New York Superior Court was faced with a very similar argument, which it also rejected. In that case, the parties' contract provides that it "would be governed by the laws of the State of (New York)." ***Id.*** at *2. The plaintiff asserted that this provision controlled the forum of the action. The superior court, however, did not agree:

> Contrary to the plaintiff's assertion, this provision is not a forum selection clause, but rather, a choice of law and service-of-suit clause. There is clearly no language in the agreements wherein defendants expressly agree to New York as a forum for litigation. The clause found in each agreement is no more than a consent to jurisdiction. It does not state that the parties agreed to a single forum to resolve all their disputes.

***Id.*** (citations omitted). As a result, the superior court held that the choice of law provision did "'not bind the parties to litigate in a particular forum[.]'" ***Id.*** (quoting ***Brooke Grp. Ltd. v. JCH Syndicate 488***, 87 N.Y.2d 530, 534, 663 N.E.2d 635, 638 (N.Y. 1996)). As Plaintiffs point out in their briefs, Tennessee courts have reached the same conclusion. *See* ***ESI Companies, Inc. v. Ray Bell Const. Co.***, No. W2007-00220-COA-R3-CV, 2008 WL 544563, at *5 (Tenn. Ct. App. Feb. 29, 2008) (citing ***Accredo Health Inc. v. Patterson***, No. W2006-02693-COA-R3-CV, 2007 WL 2198574, at *3 (Tenn. Ct. App. Aug. 1, 2007)) ("A choice of law clause does not automatically designate the chosen jurisdiction as the exclusive forum for the adjudication of disputes.").[2]

Like the contract in ***Barden***, in the case-at-bar, the parties' contract provides that it will be governed and construed in accordance with New York law, without a specific reference to either substantive or procedural law.[3] This provision does not, however, state that the parties agreed that New York was the exclusive forum for any disputes. Accordingly, the choice of law provision of the subject contract does not bind the parties to litigate in New York.

---

[2] In its reply brief, Defendant takes issue with Plaintiffs' citation to ***ESI Companies***, given the choice of law provision in the parties' contract. Defendant does not, however, cite any law that demonstrates that New York law is different than Tennessee law on this issue. Defendant, as the appellant, has the duty to support its contentions with proper argument and citation to relevant legal authority. *See* ***Sneed v. Bd. of Pro. Resp. of Supreme Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). As noted above by our citation to ***Barden***, our own independent research has confirmed that New York law is consistent with Tennessee law on this issue.

[3] Defendant's assertion that the parties agreed to apply New York procedural law is therefore not particularly persuasive, given both Tennessee and New York law agree that the forum would generally apply its own procedural law. *See* ***Curbow***, 950 N.Y.S.2d at 849; ***Boswell***, 498 S.W.3d at 556.

Finally, the overarching legal rule expressed by the Court of Appeals of New York in **2138747 Ontario** was that "courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include[.]" 31 N.Y.3d at 381 (citation and quotation marks omitted). That is exactly what Defendant is attempting to do in this case—graft a forum selection clause onto the parties' choice of law provision. In the absence of a forum selection clause, the parties' decision to include a New York choice of law provision does not indicate any agreement that New York would be the exclusive forum for any disputes. *See **Barden***, 859 N.Y.S.2d 892, at \*2. Simply put, a choice of law provision is distinct from a forum selection clause and is no support for Defendant's argument that this case should have been dismissed in favor of a New York forum. Thus, the sole issue raised by Defendant on appeal lacks merit.[4]

**B.**

Plaintiffs also ask for damages incurred in responding to a frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. ***Robinson v. Currey***, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004). Here, Defendant's sole argument on appeal has no basis in fact or in law, as the two authorities that it cites provide no support for its contentions.[5] In addition, Defendant has raised no argument as to the correctness of the trial court's order granting Plaintiffs a judgment on the Note. It therefore appears that this appeal is frivolous or taken merely for delay. As a result, we conclude that this is an appropriate case in which to award Plaintiffs damages incurred as a result of defending against this clearly frivolous appeal.

**V. CONCLUSION**

---

[4] Other than its argument about dismissal in favor of litigation exclusively in New York, Defendant cites no New York substantive or procedural law that the trial court misapplied in granting judgment in favor of Plaintiffs.

[5] At oral argument, a member of this panel specifically asked counsel for Defendant whether the **2138747 Ontario** case "requires that the forum be in New York." Counsel initially attempted to assert that the case "infers" that rule, *i.e.*, that the holding can be inferred therefrom. When pressed as to the actual holding of the case, counsel indicated that Defendant's "position" was that **2138747 Ontario** did contain such a mandate. It does not.

The judgment of the Williamson County Circuit Court is affirmed, and this cause is remanded to the trial court for a determination of the reasonable costs Plaintiffs incurred in defending against this appeal. Costs are taxed to Appellant Brian Paul General Partner, LLC, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE