OPINION OF THE COURT
 

 Simons, J.
 

 The issue presented is whether a "Service of Suit Clause”, common to many Lloyd’s of London contracts of insurance,
 
 *532
 
 constitutes a mandatory forum selection clause requiring defendants to litigate this dispute in New York and precluding dismissal on forum non conveniens grounds.
 

 Plaintiff, Brooke Group Ltd., is a Delaware corporation with its principal place of business in Miami, Florida. Plaintiff BrookeMil Ltd. is a subsidiary of Brooke Overseas Ltd., one of its subsidiaries. Defendants are JCH Syndicate 488, an English entity with its principal place of business in London, and its managing agent. In 1990, Brooke Overseas Ltd. entered into a joint venture agreement with a Soviet enterprise to engage in the manufacture and sale of cigarettes in the then Soviet Union, and to own and develop the existing factory in Moscow and the real property surrounding it. For that purpose, the Moscow City Government conveyed various leaseholds and titles, interests eventually united in BrookeMil Ltd.
 

 In June 1982, plaintiffs entered into an insurance contract with certain Lloyd’s of London underwriters for "Expropriation and Forced Abandonment Insurance” covering plaintiffs’ property and business assets located in Russia. Defendant JCH Syndicate 488 was the lead underwriter, insuring a little more than 29% of the risk. The insurance policy was issued out of the Lloyd’s Policy Signing Office in London, and contained a broad arbitration clause by which the parties agreed that "all disputes” concerning the interpretation, validity and performance of the policy or relating to "the determination of the amount of loss” compensable would be governed by the law of England and submitted to arbitration at the London Court of International Arbitration in accordance with its rules. The clause also provided that any award rendered by the Arbitrator would be final and binding upon the parties and a judgment could be entered thereon in any court having jurisdiction. In addition, the policy contained a "Service of Suit Clause” by which the parties agreed that in the event the underwriters failed to pay any amount claimed to be due on the policy, the underwriters would, at the plaintiff’s request, submit to the jurisdiction of a court of competent jurisdiction within the United States.
 

 In January 1993, the Mossoviet (the Moscow City Council of People’s Deputies) concluded that the real property transactions with the joint venture group were inconsistent with the subsequently enacted Russian Privitization Law. It recommended that the transactions be invalidated and the plaintiff’s interest in the Russian property be extinguished. With the
 
 *533
 
 consent of the underwriters, plaintiffs negotiated a resolution with the Mossoviet resulting in substantial forfeitures of their interests in the real property. The plaintiffs submitted a claim to defendants alleging that such forfeitures constituted an "expropriation or forced abandonment", as defined by the terms of the insurance policy, but defendants refused to pay the claim.
 

 After plaintiffs commenced this action, defendants instituted arbitration of the controversy in London, seeking a declaration that they were not liable under the policy. They then moved in Supreme Court to dismiss the New York complaint on forum non conveniens grounds. The Supreme Court granted their motion, resting its decision on findings that the suit was between two foreign corporations, concerned insurance issued in England, covered property in Russia, and that there was already an arbitration forum available to resolve the dispute. The Appellate Division affirmed, as do we.
 

 L
 

 Plaintiff maintains that the "Service of Suit Clause" in the insurance contract constituted a mandatory forum selection clause providing an alternative to arbitration and precluding dismissal on forum non conveniens grounds. Defendants contend that although they agreed to submit to the jurisdiction of a court within the United States, there was no agreement between the parties that jurisdiction would be limited to a particular venue. Defendants also contend that interpreting the Service of Suit Clause as a forum selection provision would conflict with the contract’s mandatory arbitration provision and violate a fundamental rule of contract interpretation: i.e., when interpreting a contract, the entire contract must be considered so as to give each part meaning
 
 (Weiss v Weiss, 52
 
 NY2d 170, 174;
 
 Laba v Carey,
 
 29 NY2d 302, 308;
 
 see also, Cruden v Bank of N. Y.,
 
 957 F2d 961, 976 [2d Cir 1992]). Citing authority from other jurisdictions and an opinion in the record by an expert in English law (which governs the contract), defendants assert that the apparent conflict between the arbitration and Service of Suit provisions could be reconciled by giving full effect to the arbitration clause and interpreting the Service of Suit Clause as facilitating the enforcement of arbitration awards
 
 (see, e.g., McDermott Intl. v Lloyds Underwriters of London,
 
 944 F2d 1199, 1205 [5th Cir 1991];
 
 NECA Ins. v National Union Fire Ins. Co.,
 
 595 F Supp 955, 958 [SD NY 1984]).
 

 
 *534
 
 Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable
 
 (The Bremen v Zapata Off-Shore Co.,
 
 407 US 1;
 
 Columbia Cas. Co. v Bristol-Myers Squibb Co.,
 
 215 AD2d 91 [overruling
 
 Rokeby-Johnson v Kentucky Agric. Energy Corp.,
 
 108 AD2d 336];
 
 Price v Brown Group,
 
 206 AD2d 195). Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes, particularly those involving international business agreements
 
 (see, The Bremen, supra; British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,
 
 172 AD2d 234). By contrast, a Service of Suit Clause generally provides no more than a consent to jurisdiction. It does not bind the parties to litigate in a particular forum, or give the insured the exclusive right to choose a forum unrelated to the dispute.
 

 The "Service of Suit Clause” in this case provides that "in the event of the failure of the Underwriters hereon to pay any amount claimed to be due” the underwriters will, "at the request of the Insured * * * submit to the jurisdiction of a Court of competent jurisdiction within the United States.” Lloyd’s of London began to incorporate this type of clause in its policies some years ago to assure potential policyholders that Lloyd’s and its underwriters would be amenable to service of process in the United States
 
 (Price v Brown Group, supra; Appalachian Ins. Co. v Superior Ct.,
 
 162 Cal App 3d 427, 208 Cal Rptr 627). The plaintiffs claim that it must be viewed as a mandatory forum selection clause and enforced pursuant to the Supreme Court’s holding in
 
 Bremen.
 
 The provision in dispute here is markedly different from that found in the
 
 Bremen
 
 case, however, which specifically provided that any dispute between the parties " 'must be treated before the London Court of Justice’ ”
 
 (The Bremen, supra,
 
 at 2). The present clause contains no such mandatory language binding the parties to a particular forum, but provides only that the underwriters will submit to the jurisdiction of a United States court. The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning
 
 (Levine v Shell Oil Co.,
 
 28 NY2d 205, 211), and the plain meaning of the words used by the parties to this contract do not manifest an intention to limit jurisdiction to a particular forum.
 

 Accordingly, we interpret the "Service of Suit Clause” as permissive and conclude that its terms do not require defen
 
 *535
 
 dants to litigate this dispute in New York. Under the circumstances, defendants could seek dismissal on conveniens grounds pursuant to CPLR 327.
 

 IL
 

 While a Service of Suit Clause is a factor the court should consider in deciding a forum non conveniens motion, the courts below did not abuse their discretion in concluding that the other factors involved in the dispute, unrelated to New York, supported defendant’s motion to dismiss
 
 (see, Islamic Republic of Iran v Pahlavi,
 
 62 NY2d 474, 479,
 
 cert denied
 
 469 US 1108;
 
 Banco Ambrosiano v Artoc Bank & Trust,
 
 62 NY2d 65, 73).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Titone, Bellacosa, Smith, Levine and Ciparick concur; Chief Judge Kaye taking no part.
 

 Order affirmed, with costs.