■ STERLING NATIONAL BANK as Assignee of NORVERGENCE, INC., Appellant, v EASTERN SHIPPING WORLDWIDE, INC., et al., Respondents. [826 NYS2d 235]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered June 12, 2006, which granted defendants' motion to dismiss the complaint on grounds of forum non conveniens, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion denied and the complaint reinstated.

As this Court has previously noted, the "very point" of forum selection clauses, which render the designated forum convenient as a matter of law, is to avoid litigation over personal jurisdiction, as well as disputes arising over the application of the long-arm statute (CPLR 302 [a]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Williams*, 223 AD2d 395, 397-398 [1996]; *and see VOR Assoc. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639 [1993]), and it is the well-settled "policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33 [1995], *see also Boss v American Express Fin. Advisors, Inc.*, 15 AD3d 306, 307 [2005], *affd* 6 NY3d 242 [2006]). Forum selection clauses, which are prima facie valid (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Koko Contr. v Continental Envtl. Asbestos Removal Corp.*, 272 AD2d 585, 586 [2000]), are enforced "because they provide certainty and predictability in the resolution of disputes" (*Brooke Group, supra*; *see also Boss v American Express Fin. Advisors, Inc.*, 6 NY3d 242, 247 [2006]), and are not to be set aside unless a party demonstrates that the enforcement of such "would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" (*British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1991], *see also Boss*, 15 AD3d at 307-308).

In the matter at bar, defendants have failed to advance any grounds upon which this Court might disregard the forum

designation contained in the lease agreement. The forum selection clause itself clearly provides that if the lease has been assigned, as was the case herein, then the venue of any legal action shall be in the state where the principal headquarters of the assignee is located, in this matter, New York. Moreover, defendants have not alleged any fraud or overreaching, on the part of the assignee, with respect to the provision itself (*British W. Indies Guar. Trust Co., supra; Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 271-272 [1990]), and there has been no demonstration that defendants, if the provision is enforced, would, for all practical purposes, be deprived of their day in court. Indeed, defendant corporation, a sophisticated business entity, agreed when it originally entered into the lease agreement that venue would be placed in New Jersey and, in our view, cannot now be heard to argue that the change in venue from New Jersey to New York, as the result of the subsequent assignment, is so oppressive as to warrant rendering the provision void. We also reject defendants' contention that plaintiff is collaterally estopped from raising the issue of the forum selection clause due to an earlier decision of Supreme Court, as the doctrine of collateral estoppel does not operate to bar relitigation of a pure question of law (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 439 [1997]; *Avon Dev. Enters. Corp. v Samnick*, 286 AD2d 581, 582 [2001]), which in this case is the interpretation of an unambiguous contract (*Taussig v Clipper Group, L.P.*, 13 AD3d 166, 167 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Stravinsky*, 4 AD3d 75, 81 [2003]).

Finally, to the extent that the motion court found the forum selection clause unenforceable on the grounds of forum non conveniens, this was not, as defendants urge, a "practical approach," but was, rather, an incorrect approach, for where a party to a contract has agreed to submit to the jurisdiction of a court, that party is precluded from attacking the court's jurisdiction on forum non conveniens grounds (*National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley*, 257 AD2d 228, 232 [1999]; *Concord Assets Fin. Corp. v Radebaugh*, 172 AD2d 446, 448 [1991]. Defendants, in any event, have failed to shoulder their burden of demonstrating that New York is an inconvenient forum (*see generally Continental Ins. Co. v Garlock Sealing Tech., LLC*, 23 AD3d 287 [2005]; *Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344 [2004]). Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.