Reversed and Rendered and Opinion filed October 30, 2007








Reversed
and Rendered and Opinion filed October 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00685-CV

_______________

 

STUDEBAKER WORTHINGTON LEASING CORP., Appellant

 

V.

 

TEXAS SHUTTERS CORP. and 

JESUS FIGUEROA a/k/a JESSE FIGUEROA, Appellees

                                                                                                                                               


On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 06-31217

                                                                                                                                               


 

O P I N I O N

 

In this suit to enforce a foreign
judgment, Studebaker Worthington Leasing Corporation (AStudebaker@) appeals an order vacating a New
York judgment that had been entered in its favor against Texas Shutters
Corporation and Jesus Figueroa a/k/a Jesse Figueroa (collectively, ATexas Shutters@) on the grounds that: (1) Texas
Shutters=s motion to vacate the New York
judgment collaterally attacked the merits of the original controversy; (2) 

 

 








Texas Shutters did not present
evidence negating grounds for jurisdiction under New York 

law; and (3) the bankruptcy of
Studebaker=s assignor, NorVergence Inc. (ANorVergence@) did not stay the New York action
because the equipment rental agreement at issue was assigned to Studebaker
before NorVergence filed bankruptcy.  We reverse the trial court=s judgment vacating the New York
judgment and render judgment reinstating that judgment.

Background 

Texas Shutters entered into an
equipment rental agreement (the Alease@) with NorVergence, which assigned
the lease to Studebaker.  In 2004, Studebaker filed suit against Texas Shutters
in a New York state court, alleging that Texas Shutters had failed to make the
required payments under the lease.  Texas Shutters did not answer, and the New York
court entered a default judgment against it.  Studebaker then sought to enforce
the New York judgment in Harris County, Texas, pursuant to the Uniform
Enforcement of Foreign Judgments Act.[1]  Texas
Shutters filed a motion to vacate the New York judgment, which the trial court
granted.

Personal Jurisdiction

Studebaker=s first and second issues contend
that the trial court erred by granting the motion to vacate because it
improperly attacked the merits of the original controversy, rather than
establishing that the New York court lacked jurisdiction.  Texas Shutters contends
that the forum selection clause in the lease that the New York court relied
upon to provide personal jurisdiction over it: (1) does not comply with section
35.53 of the Texas Business and Commerce Code; (2) is voidable because it is
not conspicuous and amounts to a Afloating@ jurisdiction clause; and, thus, (3)
fails to satisfy federal and state due process requirements for the exercise of
jurisdiction over it.

A judgment of one state court is
conclusive on the merits of the case in another state=s court if the rendering court had
jurisdiction over the subject matter and parties.  Underwriters 








Nat=l Assurance Co. v. N. Carolina Life
& Accident & Health Ins. Guar. Ass=n, 455 U.S. 691, 704B05 (1982).  As applicable here, a
lack of personal jurisdiction can be established by showing that the exercise
of personal jurisdiction over the defendant fails to comply with the due
process requirements.  See, e.g., PHC-Minden, L.P. v. Kimberly-Clark Corp.,
__ S.W.3d __, __ (2007).  To satisfy these requirements, (1) the defendant must
have established minimum contacts with the forum state; and (2) the exercise of
jurisdiction comports with traditional notions of fair play and substantial
justice.  Id.[2]

Sufficient minimum contacts can
create either specific or general jurisdiction.  Specific jurisdiction requires
a defendant=s liability to have arisen from, or be related to, its activities in the
forum state.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462,
475 (1985).  General jurisdiction also allows a forum to exercise jurisdiction
over a defendant who maintains a Apermanent@ or continuous presence in the state
if the defendant's contacts are continuous and systematic.  See Helicopteros
Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 114B15 n.8 (1984).

In this case, it is uncontested that
Texas Shutters never conducted business in New York, sought to conduct business
in New York, or (in the case of Jesus Figuero) ever even visited New York, and,
thus, that its liability did not arise from its activities in that State. 
Although Studebaker relies upon a single check that Texas Shutters sent to
Studebaker=s New York address, Studebaker has cited, and we have found, no authority
holding that a single such payment is sufficient to confer specific personal or
general jurisdiction over a defendant.[3]

However, the enforcement of a forum
selection clause, in which parties stipulate in advance to submit their
disputes for resolution within a particular jurisdiction, does not offend 








due process where the provision has
been obtained through freely negotiated agreements and are not unreasonable and
unjust.  Burger King, 471 U.S. at 473 n.14.  In finding that Texas
Shutters was subject to its personal jurisdiction, the New York court relied on
the forum selection clause in the lease, which provides that if the agreement
is assigned, the venue of any legal action shall be in the state where the
assignee's principal headquarters are located.[4] 
In that regard, Studebaker=s principle headquarters are located in New York.








In order for a judgment rendered by
another state to be given the same recognition in this state as it would
receive in the rendering state, the validity of such a judgment must be
determined by the laws of the rendering state.  Bard v. Charles R. Myers
Ins. Agency, Inc., 839 S.W.2d 791, 795 (Tex. 1992).  With exceptions not
applicable here, New York courts have found floating forum selection clauses,
like the one in this case, valid.  See, e.g., Sterling Nat=l Bank v. E. Shipping Worldwide, Inc., 35 A.D.3d 222, 222B23 (N.Y. App. Div. 2006).  In
addition, although the United States Supreme Court has not addressed the issue,
absent allegations of fraud, most appellate courts have found such clauses to
be a valid waiver of the due process jurisdictional requirements.[5] 
Because the exercise of personal jurisdiction by the New York court thus
comports with the decisions of that state and does not clearly violate federal
due process requirements, we have no basis to deny full faith and credit to the
New York judgment on jurisdictional grounds.  Accordingly, appellant=s first and second issues are
sustained to that extent.

                                                                Bankruptcy
Stay

Studebaker=s third issue contends that the
bankruptcy of NorVergence did not deprive the New York court of jurisdiction or
stay enforcement of the  New York judgment in Texas because Studebaker was
assigned its rights under the lease before NorVergence filed for bankruptcy.[6] 
In this regard, it is undisputed that: (1) Norvergence assigned the rights to
Studebaker on February 25, 2004; (2) Norvergence=s creditors commenced an involuntary
bankruptcy proceeding against it on June 30, 2004; (3) Studebaker filed suit
against Texas Shutters in New York on September 28, 2004; and (4) the New York
court rendered judgment against Texas Shutters on December 17, 2004.

Among other things, the filing of a
bankruptcy petition operates to stay, as to all entities, any act to obtain
possession of the property of the estate.  11 U.S.C.A. ' 362(a)(3) (2004 & Supp. 2007). 
Any action taken in violation of the stay is void.  Cont=l Casing Corp. v. Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex. 1988).

In this case, however, the lease was
no longer the property of NorVergence at the time of its bankruptcy filing. 
Moreover, while a bankruptcy trustee may avoid certain transfers of a
bankruptcy debtor=s interest in property, Texas Shutters does not allege, and
our record does not reflect, that the trustee in the NorVergence bankruptcy
proceeding ever sought to do so with regard to the assignment of the lease to
Studebaker.  Therefore, we have no basis to conclude that the New York lawsuit
was, or the enforcement of its judgment is, subject to a stay by reason of the
NorVergence bankruptcy, and Studebaker=s third issue is sustained.

Because our record does not reflect
that the New York court lacked jurisdiction over  the subject matter or parties
in this case, we reverse the trial court=s judgment, vacating the 

 








New York judgment, and render
judgment that the New York judgment be reinstated.

 

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Opinion filed October
30, 2007.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Edelman.*









[1]           See Tex. Civ. Prac. & Rem. Code '' 35.001-35.008 (Vernon 1997 & Supp. 2006).





[2]           To have the requisite minimum contacts with
a forum state, a defendant must act deliberately and Apurposefully avail@
itself of the privilege of conducting activities in the forum state, thereby
invoking the benefits and protections of its laws. See Asahi Metal Indus.
Co., v. Superior Court of Cal., Solano, 480 U.S. 102, 112B13 (1987).





[3]           See, e.g, PHC-Minden, __ S.W.3d at
__ (holding that even numerous payments totaling over $1 million to Texas
vendors were not sufficient to establish general jurisdiction).





[4]           The provision states:

This
agreement shall be governed by, construed and enforced in accordance with the
laws of the State in which Rentor's principal offices are located or, if this
Lease is assigned by Rentor, the State in which the assignee's principal
offices are located, without regard to such State's choice of law
considerations and all legal actions relating to this Lease shall be venued
exclusively in a state or federal court located within that State, such court
to be chosen at Rentor or Rentor's assignee's sole option.





[5]           See Preferred Capital, Inc. v.
Assocs. In Urology, 453 F.3d 718, 721B24
(6th Cir. 2006); IFC Credit Corp. v  Aliano Bros. Gen. Contractors, Inc.,
437 F.3d 606, 610 (7th Cir. 2006); Susquehanna Patriot Commercial Leasing
Co., v. Holper Indus. Inc., 928 A.2d 278 (Pa. Super. Ct. 2007); Liberty
Bank, F.S.B. v . Best Litho, Inc., 737 N.W.2d 312 (Iowa Ct. App. 2007).  But
see Preferred Capital, Inc. v. Power Eng=g Group, Inc.,
860 N.E.2d 741, 746 (Ohio 2007).





[6]           Texas Shutters=s brief does not respond to this contention.





*           Senior Justice Richard H. Edelman sitting
by assignment.