■ TANNER ROSS BHONLAY et al., Appellants, v RAQUETTE LAKE CAMPS, INC., et al., Respondents. [991 NYS2d 765]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 16, 2013, which granted defendants' motion to change the venue of this action from New York County to Hamilton County, and denied plaintiffs' cross motion to retain

venue in New York County, unanimously affirmed, without costs.

We are constrained by this Court's holdings in *Medina v Gold Crest Care Ctr., Inc.* (117 AD3d 633 [1st Dept 2014]) and *Hendrickson v Birchwood Nursing Home Partnership* (26 AD3d 187 [1st Dept 2006]). In any event, whether the motion to change venue was analyzed as one based on "improper" venue or not, the agreement would control. In other words, even if we deemed a demand necessary, we would still exercise our discretion to enforce the agreement (*see Pittman v Maher*, 202 AD2d 172, 175 [1st Dept 1994] [existence of venue agreement is one of the "limited situations" in which the court may disregard strict compliance with the statute]; *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d 292, 294-295 [3d Dept 1974]).

There is no basis for disregarding the venue agreement. Plaintiff has not demonstrated that enforcement of the venue clause would be unjust or would contravene public policy, or that the clause was rendered invalid by fraud or overreaching (*see Molino v Sagamore*, 105 AD3d 922 [2d Dept 2013] [enforcing against Queens resident venue clause in rental agreement requiring litigation of disputes in Warren County]). This case has been transferred to Fulton County, because there are no Supreme Court sessions held in the parties' selected venue of Hamilton County. While there is evidence that it would be inconvenient for plaintiff and his witnesses to travel to Fulton County for trial, it cannot be said that "the selected forum would be so gravely difficult that [plaintiff] would, for all practical purposes, be deprived of [his] day in court" (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2d Dept 2006]; *see also Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836 [2d Dept 2009], *lv denied* 13 NY3d 706 [2009]). Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.