**Caelen Invs. LLC v Notias**

2024 NY Slip Op 31167(U)

April 5, 2024

Supreme Court, New York County

Docket Number: Index No. 654142/2020

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

CAELEN INVESTMENTS LLC

Plaintiff,

- v -

NIKOLAOS NOTIAS,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654142/2020 |
| **MOTION DATE** | 07/17/2023 |
| **MOTION SEQ. NO.** | 008 |

**SUPPLEMENTAL DECISION
+ ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 194, 197, 198, 199, 206, 207, 208, 210, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224

were read on this motion for ___ATTORNEY'S FEES AND COSTS AFTER SUMMARY JUDGMENT___.

Plaintiff Caelen Investments LLC's ("Plaintiff") application for costs and fees in the

amount of $838,414.56 is **granted in part** in the amount of $700,000.00**.**

By order dated December 20, 2023 (NYSCEF 212 [Transcript], 214 [Order]), the Court

granted Plaintiff's renewed motion for summary judgment against Defendant Nikolas Notias

("Defendant") for breach of a Loan Agreement ("Agreement" [NYSCEF 215]).  The Court

awarded fees "limited to the claim on which judgment is being granted" (Tr. At 28) and granted

Plaintiff leave to "submit its application for costs and fees provided for under the parties

agreement. . ."[1]

Plaintiff now seeks attorney's fees and costs in the amount of $838,414,56, consisting of

$818,391.00 in fees and $20,023.56 in costs.  Defendant argues that a substantial reduction is

---

[1] Section 14.02 provides that Defendant "shall pay all costs and expenses relating to negotiating, preparing, executing, enforcing, paying or extinguishing this Agreement. . ."

**654142/2020   CAELEN INVESTMENTS LLC vs. NOTIAS, NIKOLAOS**
**Motion No.  008**

**Page 1 of 4**

1 of 4

warranted because Plaintiff has not established an entitlement to fees under Greek law; because litigating in Athens would have been less expensive; because there is no proof of payment of the alleged amounts incurred; because certain billed time is non-compensable; and because certain claims are unsupported or the relevant time entries are redacted.

Defendant's objections pertaining to Greek law and Plaintiff's election to bring its claims in New York are rejected. With respect to Greek law, the Court awarded costs and fees in the Order, and that holding is the law of the case (*PHH Mtge. Corp. v Burt*, 176 AD3d 1242, 1243 [2d Dept 2019] [collecting cases]). With respect to Plaintiff's choice to file this action in New York, Section 19.05 of the Agreement provides that "[t]he courts of the place of execution of this Agreement shall have jurisdiction for any action or dispute arising therefrom, as well as the courts of Athens, to whose concurrent jurisdiction the parties submit under this Agreement." The Agreement was executed in New York and Plaintiff appropriately relied on the Agreement's forum selection clause (*Sterling Nat. Bank as Assignee of NorVergence, Inc. v E. Shipping Worldwide, Inc.*, 35 AD3d 222, 223 [1st Dept 2006]).

Defendant's remaining objections warrant deductions, but not in the amounts proposed. When considering an application for costs and fees, "the court always has the authority and responsibility to determine that the claim for fees is reasonable" (*Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]). Among the factors to be considered are the "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*In re Freeman's Estate*, 34 NY2d 1, 9 [1974][citations omitted]).

**654142/2020   CAELEN INVESTMENTS LLC vs. NOTIAS, NIKOLAOS**
**Motion No.  008**

**Page 2 of 4**

[* 2]

Defendant's contention that no proof of payment has been provided is rejected. Counsel for Plaintiff, Mr. DiBlasi, submitted an affirmation providing that "Plaintiff has paid all of the attorneys' fees that are reflected in the annexed Costs Schedule up through September 30, 2023, and all invoices since that date have been recently billed to Plaintiff and Holland & Knight is awaiting payment" (NYSCEF 213 ¶10).

The Court has discretion to apply the relevant factors, and "an award of attorneys' fees does not require success at all stages of the litigation" (*542 E. 14th St. LLC v Lee*, 66 AD3d 18, 24 [1st Dept 2009]). Plaintiff is clearly the prevailing party in this action, and the Court finds that the majority of Plaintiff's counsel's efforts were relevant to successfully enforcing the Agreement and are therefore compensable. That said, Defendant correctly notes that Plaintiff's motion for summary judgment in lieu of a complaint was unsuccessful (Index No. 652537/2020) as was its motion to appoint a receiver (NYSCEF 113). Plaintiff was not the prevailing party in the 652537 proceeding and is not entitled to associated fees for that matter. Defendant is also correct that a limited number of time entries are duplicative, unrelated to the Agreement, or premature. Having considered the record as a whole, the Court finds that a deduction of approximately 15% is warranted (*Arabesque Rec., LLC v Capacity, LLC*, 2013 WL 606036 [N.Y. Sup Ct, New York County 2013] [collecting cases]).

Accordingly, it is

**ORDERED** that Plaintiff's application for reasonable costs and fees, including attorney's fees, is **GRANTED IN PART** and Plaintiff is awarded Seven Hundred Thousand Dollars ($700,000.00) in costs and fees; it is further

**ORDERED** that Plaintiff re-submit its proposed judgment to conform to this order and submit a courtesy copy in Word format to sfc-part3@nycourts.gov within five (5) days.

**654142/2020   CAELEN INVESTMENTS LLC vs. NOTIAS, NIKOLAOS**
**Motion No.  008**

**Page 3 of 4**

This constitutes the decision and order of the Court.

20240405132222JMCOHEN167AB2C238A45G8886A0C190CBA3314

_____
4/5/2024
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654142/2020   CAELEN INVESTMENTS LLC vs. NOTIAS, NIKOLAOS**
**Motion No.  008**

Page 4 of 4

4 of 4

[* 4]