**Zoey Paint Corp. v Commercial Credit Group Inc.**

2024 NY Slip Op 32361(U)

July 10, 2024

Supreme Court, New York County

Docket Number: Index No.: 651989/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

ZOEY PAINT CORP., 5 SEASON LSB CORP.

Plaintiffs,

- v -

COMMERCIAL CREDIT GROUP INC., NLB CORP.,

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651989/2024 |
| **MOTION DATE** | 05/15/2024, 05/21/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 26, 27, 28, 29, 30, 31, 32, 33, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to                DISMISS            .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50

were read on this motion for       PRELIMINARY INJUNCTION      .

Defendant Commercial Credit Group Inc.'s ("CCG") motion (Mot. Seq. No. 1) to dismiss

Plaintiffs Zoey Paint Corp.'s ("Zoey Paint") and 5 Season LSB Corp.'s ("5 Seasons") Amended

Verified Complaint (NYSCEF 12) pursuant to CPLR 3211(a)(1) and (a)(8) and for fees, costs,

and sanctions pursuant to 22 NYCRR § 130-1.1 is **granted in part** to the extent that the

Complaint is **dismissed** pursuant to CPLR 3211(a)(1) based on a mandatory contractual forum

selection clause without prejudice to Plaintiffs refiling in North Carolina, and is otherwise

denied**.** Plaintiffs' motion (Mot. Seq. No. 2) for a preliminary injunction to restrain a UCC sale

of certain collateral is **denied.**

**651989/2024 ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL**
**Motion No. 001 002**

**Page 1 of 6**

1 of 6

[* 1]

## A. Background

a. <u>The Loan Documents</u>

CCG and Zoey Paint are parties to three Negotiable Promissory Note and Security Agreements ("Agreements" [NYSCEF 13, 16, 18]). CCG and 5 Seasons are parties to a Secured Guaranty of the Agreements ("Guaranty" [NYSCEF 14] and with the Agreements the "Loan Documents").

The Loan Documents include the following exclusive venue provision:

**MAKER/DEBTOR AND HOLDER/SECURED PARTY HEREOF AGREE TO THE EXCLUSIVE VENUE AND JURISDICTION OF ANY STATE OR FEDERAL COURT PRESIDING IN MECKLENBURG COUNTY, NORTH CAROLINA FOR ALL ACTIONS, PROCEEDINGS, CLAIMS, COUNTERCLAIMS OR CROSSCLAIMS ARISING DIRECTLY OR INDIRECTLY IN CONNECTION WITH, OUT OF, OR IN ANY WAY RELATED TO THIS SECURITY AGREEMENT, WITH THE SOLE EXCEPTIONS THAT AN ACTION TO RECOVER POSSESSION OF ALL OR PART OF THE COLLATERAL OR ANY OTHER ASSETS OF THE MAKER/DEBTOR OR ANY GUARANTOR HOWEVER DENOMINATED, MAY, IN THE SOLE DISCRETION OF THE HOLDER/SECURED PARTY, BE BROUGHT IN A STATE OR FEDERAL COURT HAVING JURISDICTION OVER THE COLLATERAL, AND/OR SUCH OTHER ASSETS, AND THAT JUDGMENTS MAY BE CONFESSED, ENTERED, OR ENFORCED IN ANY JURISDICTION WHERE THE MAKER/DEBTOR, OR ANY GUARANTOR, OR THE COLLATERAL AND/OR ANY OTHER ASSETS OF THE MAKER/DEBTOR, OR GUARANTOR MAY BE LOCATED. MAKER/DEBTOR AND HOLDER/SECURED PARTY WAIVE ANY RIGHT THEY OR ANY OF THEM MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT IN ACCORDANCE HEREWITH. MAKER/DEBTOR AND HOLDER/SECURED PARTY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY AND ALL RIGHT TO A TRIAL BY JURY OF ANY AND ALL CLAIMS, DEFENSES, COUNTERCLAIMS, CROSSCLAIMS AND SETOFF OR RECOUPMENT CLAIMS ARISING EITHER DIRECTLY OR INDIRECTLY BETWEEN OR AMONG THEM AND/OR INVOLVING ANY PERSON OR ENTITY CLAIMING ANY RIGHTS ACQUIRED BY, THROUGH OR UNDER ANY PARTY AND FURTHER WAIVE ANY AND ALL RIGHT TO CLAIM OR RECOVER ANY PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO ACTUAL DAMAGES.**

651989/2024   ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL          Page 2 of 6
Motion No.  001 002

2 of 6

b.  The Instant Action is Filed in New York County

On February 2, 2024, CCG informed Zoey Paint that it intended to conduct a sale of certain collateral under the terms of the Agreements (NYSCEF 19).  Plaintiffs commenced this action on April 17, 2024, by filing a Summons and Complaint (NYSCEF 1).  Plaintiffs filed the Amended Verified Complaint as of right on April 29, 2024 (NYSCEF 12).  The Amended Verified Complaint acknowledges the mandatory venue provision and provides:

> 20.     Although the subject contractual agreements contain a venue provision, which designates Mecklenburg County, North Carolina, this instant action is subject to exception to said provision as this instant Action seeks "to recover possession of all or part of the collateral or any other assets of the Maker/Debtor or any guarantor..."
>
> 21.     Furthermore, Venue is proper in the State of New York as Plaintiffs were not informed with said venue provision when entering the agreements and Defendant CCG failed to provide any copy of said agreements to the Plaintiffs until a day before the Private Sale

On April 25, 2024, counsel for Plaintiffs advised CCG that it intended to seek a temporary restraining order to preclude the UCC sale of certain collateral used to secure the Agreements and Guaranty (NYSCEF 28).  CCG responded that, per the Loan Documents' exclusive venue provision, this case belonged in North Carolina and that the collateral was not located in New York.  Later that day, counsel for CCG reiterated that the Loan Documents' venue provision applied, and that CCG would seek sanctions if an application for an injunction was filed in New York (NYSCEF 29, 30).

c.  The Parties Agree to a Briefing Schedule and for the Motions to be Decided on Submission

On May 15, 2024, CCG moved to dismiss the Amended Complaint on the grounds that the mandatory forum provision applies (NYSCEF 25).  On May 21, 2024, Plaintiff moved by order to show cause for a preliminary injunction restraining CCG from selling the collateral.

**651989/2024   ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL**
**Motion No.  001 002**

**Page 3 of 6**

3 of 6

[* 3]

Following an informal conference, the parties agreed to a briefing schedule and for both motions to be decided on submission (NYSCEF 47).

On May 24, 2024, CCG submitted opposition to Plaintiffs' motion for a preliminary injunction (NYSCEF 48). On May 31, 2024, Plaintiffs submitted opposition to CCG's motion to dismiss (NYSCEF 53-59).

### B. Discussion

a. The Complaint is Dismissed Without Prejudice and the Motion for a Preliminary Injunction is Denied

"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law. . ." (*Leon v Martinez*, 84 NY2d 83, 88 [1994] [citation omitted]). A contractual forum section cause is documentary evidence that may be considered at the motion to dismiss stage (*Lischinskaya v Carnival Corp.*, 56 AD3d 116, 123 [2d Dept 2008] *lv. denied* 12 NY3d 716 [2009]).

Under New York law, "parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable" (*Brooke Group Ltd. v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). Generally, a venue clause may be disregarded only where a plaintiff has "demonstrated that enforcement of the venue clause would be unjust or would contravene public policy, or that the clause was rendered invalid by fraud or overreaching" (*Bhonlay v Raquette Lake Camps, Inc.*, 120 AD3d 1015, 1016 [1st Dept 2014] [citation omitted]).

There is no dispute that the parties entered the Loan Documents. Plaintiffs' attempt to avail itself of the venue provision's exception permitting an action to recover the collateral to be

651989/2024   ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL          Page 4 of 6
Motion No.  001 002

4 of 6

brought in any jurisdiction that has jurisdiction over the collateral or in which the collateral is located is unavailing. That exception – assuming it applies on its terms – may be invoked "in the sole discretion" of CCG, not Plaintiffs. The exception does not permit Plaintiffs to bring suit in New York. Plaintiffs' conclusory assertion that they were unaware of the venue provision is without merit as Plaintiffs signed the Loan Documents including the venue provision, which is in all bold, capital letters (*AQ Asset Mgt., LLC v Levine*, 119 AD3d 457, 461 [1st Dept 2014]).

Contrary to Plaintiffs' contention, "forum-selection clauses are *prima facie* valid" and allegations that "the signatory to the contract, did not read the provision, or that it was not brought specifically to [their] attention are of no avail, since, as a signatory to the contract, [they are] presumed to know the contents of the instrument [they] signed and to have assented to such terms" (*Br. W. Indies Guar. Tr. Co., Ltd. v Banque Internationale a Luxembourg*, 172 AD2d 234, 234 [1st Dept 1991]). Plaintiffs have not met their burden to establish any reason to disregard the venue provision, let alone that a trial in North Carolina "would be so gravely difficult and inconvenient that [Plaintiffs] would, for all practical purposes, be deprived of [their] day in court" (*Sterling Natl. Bank v. Eastern Shipping Worldwide, Inc.,* 35 A.D.3d 222, 222, 826 N.Y.S.2d 235 [1st Dept. 2006]). Accordingly, CCG's motion to dismiss is granted without prejudice to Plaintiffs filing their claims in the appropriate venue.

In light of the Court's determination on venue, it would be improper for the Court to address Plaintiff's motion for a preliminary injunction. The Court declines to grant sanctions.

\*　　\*　　\*　　\*

Accordingly, it is

**651989/2024   ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL**
**Motion No.  001 002**

**Page 5 of 6**

5 of 6

**ORDERED** that Defendant Commercial Credit Group Inc.'s motion to dismiss Plaintiffs' Amended Complaint (Mot. Seq. 001) is **GRANTED** without prejudice to Plaintiffs refiling in a proper venue; it is further

**ORDERED** that Plaintiffs' motion for a preliminary injunction (Mot. Seq. 002) is **DENIED without prejudice**; it is further

**ORDERED** that Plaintiffs submit a letter on NYSCEF and via email to sfc-part3@nycourts.gov addressing whether they intend to continue this action against Defendant NLB Corp.

This constitutes the decision and order of the Court.

20240710171832JMCOHEN2977UC7189304B61AA5D4AE1B1E78771

| | |
|---|---|
| **7/10/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651989/2024   ZOEY PAINT CORP. ET AL vs. COMMERCIAL CREDIT GROUP INC. ET AL**
**Motion No.  001 002**                                                                 **Page 6 of 6**

6 of 6

[* 6]