| **Nimmons v EIC Assoc., Inc.** |
| --- |
| 2025 NY Slip Op 32050(U) |
| June 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654675/2023 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

-----------------------------------------------------------------------------------X

ANTTWON NIMMONS, LORENZO REYES, ISAIAH JASPER,

                                     Plaintiff,

                        - v -

EIC ASSOCIATES, INC.,FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY, ABC CORP. BONDING COMPANIES

                                     Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654675/2023 |
| **MOTION DATE** | 06/21/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 41, 49, 51

were read on this motion to/for                    CHANGE VENUE                                        .

Upon the foregoing documents, it is

The motion to change venue from New York County to Queens County is denied.

Defendant EIC Associates ("EIC") is a corporation with a principal place of business in New Jersey.  EIC contracted with the City of New York through the Department of Design and Construction ("DDC") to perform work on public works projects located in Queen County (the "Projects"). EIC engaged one or more subcontractors to provide individuals to work as crossing guards and re-direct vehicles and pedestrians around the Projects. The Projects were in the College Point neighborhood of Queens County. The Amended Complaint is devoid of any allegations suggesting that any of the alleged events or transactions related to the Projects took place anywhere other than Queens County. None of the other defendants have any connection to New York County.

The original named lead plaintiffs or class representatives did not reside in New York County.  The plaintiffs cross-moved to amend the caption and complaint and substitute three new plaintiffs as the lead plaintiffs or class representatives.  The new plaintiffs all reside in New York County.  The Court heard oral argument on December 9, 2024 and indicated that the venue issue should be considered separately and apart from the motion to amend the complaint and caption.

The Court, in an order dated April 23, 2025, granted the plaintiffs' cross-motion to amend the caption and complaint and substitute the three new plaintiffs as the lead plaintiffs or

[* 1]

class representatives. Nevertheless, the defendants still maintain that venue in New York County is improper and that the case should be transferred to Queens County.

"The court, upon motion, may change the place of trial of an action where: the county designated for that purpose is not a proper county." C.P.L.R. § 510(1). As a general rule, C.P.L.R. § 503 states that proper venue for an action is one where either one of the parties resides when the action is commenced or the county in which most of the events or omissions giving rise to the claim occurred. A motion under C.P.L.R. § 510(1) must be granted where the current choice of venue is improper and the proposed choice of venue is proper. To effect a change of venue, a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper. CPLR § 510(1). Furthermore, C.P.L.R. § 507 governing real property actions provides, "the place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated."[1]

It is clear and undisputed at the outset that neither the original plaintiffs nor any of the defendants in this action resided in New York County on the date when this action was commenced. It is also undisputed that much of the work performed by the putative class members was in Queens County. It also appears as if all of the major events giving rise to this action occurred in Queens County. There is nothing in either the Complaint or in the Amended Complaint which suggests that any decisions related to the plaintiffs'' employment by EIC were made in New York County. The project itself was in Queens County.

Plaintiffs assert that venue was properly placed in New York County at the time this proceeding was commenced, based on the mandatory venue rule outlined in Article 65 of Public Works Contract, SE-807. Specifically, Plaintiffs assert that the NYC Standard Construction Terms include a forum selection clause titled "Choice of Law, Consent to Jurisdiction and Venue." Pursuant to Article 65 of Public Works Contract, the parties (i.e., EIC and the City of New York), agree that any and all claims arising under the Public Works Contracts, "shall be heard and determined in the courts of the State of New York located in the City and County of New York." (See Ex. B). Further, in pertinent part, "[w]ith respect to any action between the City and the Contractor in New York State Court, the Contractor hereby expressly waives and relinquishes any rights it might otherwise have[]. . . [t]o move for a change of venue to a New York State Court outside of New York County." *Id.*

The plaintiffs argue that they are third-party beneficiaries of the public works contract between EIC and the City of New York and are therefore able to utilize the forum selection clause contained in the contract to properly venue their wage class action in New York County. EIC disagrees.

---

[1] In addition to moving to transfer venue pursuant to C.P.L.R § 510(1) and C.P.L.R. § 507, Defendants also move pursuant to C.P.L.R. § 510(3), which provides that "[t]he court, upon motion, may change the place of trial of an action where … the convenience of material witnesses and the ends of justice will be promoted by the change." Where venue has properly been designated by the plaintiff based on the residence of either party, a defendant seeking a change of venue under C.P.L.R. § 510(3) must make an evidentiary showing that the nonparty witnesses will, in fact, be inconvenienced absent such relief. *Id.* Since the defendants have not submitted any affidavits from witnesses who would be inconvenienced by having the trial in New York County, that provision is inapplicable.

It is true that the plaintiffs can sue EIC for allegedly unpaid prevailing wages on public works contracts because they are third-party beneficiaries of those contracts but that does not automatically mean that they can utilize the forum selection clause in the contracts to venue the action in New York County. However, courts in New York State have repeatedly recognized that forum selection clauses in contracts are enforceable as to claims brought by non-signatory, third-party beneficiaries to the contract (*see Tate & Lyle Ingredients Americas, Inc. v Whitefox Technologies USA, Inc.*, 98 Ad3d 401 [1st Dept 2012]; *Freeford Ltd. v Pendleton*, 53 AD3d 32, 39 [1st Dept 2008]; *Bernstein v Wysoki*, 77 AD3d 241, 251-252 [2d Dept 2010]).[2] Defendants' reliance on *De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 56 AD3d 365 [1st Dept 2008] to argue otherwise, is misplaced. Unlike the present action, in *De La Cruz*, the defendant attempted to enforce a forum selection clause against the non-party plaintiffs and the court found that plaintiffs' claims fell outside of the scope of the forum selection clause. (*De La Cruz*, 56 AD3d at 366) Specifically, the court in *De La Cruz* found that the New York County forum selection clauses contained in the contracts did not apply to that action because, by their express terms, the clauses applied only to "claims asserted by or against the City." (*Id.* at 366) Here, in contrast, there are no such limitations on the use of the forum selection clause and it is the non-signatory plaintiffs who are seeking to enforce the clause against the signatory defendant EIC. (*see Sherrod,* 204 AD3d at 1059) (Reversing trial court and denying motion to transfer venue, distinguishing between "a case where a non-signatory is seeking to enforce an agreement against a party to that agreement" from a case where the defendant "is seeking to enforce an agreement against a non-signatory.")

Defendants have also failed to sufficiently demonstrate that the forum selection clause should be set aside because it is unreasonable, unjust or overarching. In New York, forum selection clauses are prima facie valid and enforceable, "and are not to be set aside unless a party demonstrates that the enforcement of such would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" (*Sterling Natl. Bank v E. Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [1st Dept 2006] [internal quotation marks and citations omitted]). Defendants' contention that the plaintiffs are attempting to utilize the forum section clause to engage in "judge-shopping", because of a decision in a similar case by a Queens Supreme Court Justice with which the plaintiffs disagree, is not sufficient.

Accordingly, the motion to change venue is denied. The defendants shall file an answer to the Amended Complaint within 20 days of service of a copy of this order with notice of entry by NYSCEF. The parties shall contact the part to schedule a conference.

---

[2] Defendants state in their reply brief that the plaintiffs' assertion that workers on public construction projects are recognized as third-party beneficiaries, allowing them to invoke the forum selection clause in contracts, even if they are not signatories, is "contrary to well established court precedent." The brief fails to cite to any such well-established precedent. The defendants also do not dispute, except perhaps in the most conclusory manner, that the plaintiffs are third-party beneficiaries of EIC's contracts with the City of New York. The right of workers to sue directly for unpaid prevailing wages as third-party beneficiaries is well-established (*see e.g., Cox v NAP Constr. Co., Inc.* 10 NY3d 592 [2008]; *Fata v S.A..Healy Co.*, 289 NY 401 [1943]).

**654675/2023 RILEY, STERLING NORMAN ET AL vs. EIC ASSOCIATES, INC. ET AL**     **Page 3 of 4**
    **Motion No. 001**

The forgoing constitutes the decision and order of this court.

2025060917164TNMOYNEDB4570D3BCB14B6FBB08F4784C1F42B3

**6/9/2025**
**DATE**

**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654675/2023   RILEY, STERLING NORMAN ET AL vs. EIC ASSOCIATES, INC. ET AL**          **Page 4 of 4**
**Motion No.  001**

4 of 4